## FEHLHABER PILE CO., Inc., v. TENNES-SEE VALLEY AUTHORITY.

### No. 9150.

United States Court of Appeals District of Columbia.

Argued Feb. 14, 1946.

Decided May 13, 1946.

Mr. Irving H. Rosenberg, of New York City, pro hac vice, by special leave of Court, with whom Mr. Bernard J. Gallagher, of Washington, D. C., was on the brief, for appellant.

Mr. Charles J. McCarthy, Assistant General Counsel, Tennessee Valley Authority, of Knoxville, Tenn., pro hac vice, by special leave of Court, with whom Mr. Edward M. Curran, United States Attorney, and Mr. Sidney S. Sachs, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Appellant brought a civil action against appellee in the District Court of the United States for the District of Columbia for breach of a contract for the erection of a bridge over the Tennessee River in the State of Tennessee. Appellee moved to quash service of summons and to dismiss the complaint on the grounds that the court had no jurisdiction and that venue did not lie in this District. The District Court granted the motion and dismissed the action.

The contract was executed in Knoxville, Tennessee, and was to be performed in the State of Tennessee. Appellant is a New York corporation. Appellee is a corporation organized as an instrumentality and agency of the United States under an act of Congress known as the Tennessee Valley Authority Act of 1933.[1] Section 8(a) of that Act provides:

"The Corporation shall be held to be an inhabitant and resident of the northern judicial district of Alabama within the meaning of the laws of the United States relating to the venue of civil suits."[2]

[1] 48 Stat. 58, amended 49 Stat. 1075, 53 Stat. 1083, 54 Stat. 626, 55 Stat. 599 and 55 Stat. 775, 16 U.S.C.A. § 831 et seq.

[2] 48 Stat. 63, 16 U.S.C.A. § 831g(a).

The pertinent statute of the United States relating to the venue of civil suits provides:

"* * * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; * * *."[3]

Since, in the trial court, appellee pleaded improper venue, that court correctly granted the motion to dismiss. Upon this appeal, appellee says that "if it [appellee] were doing business within the District of Columbia, this action could be maintained." Venue can be waived,[4] and the foregoing was a conditional waiver. Appellant rests its case upon the contention that appellee is subject to suit in any state or territory in which it is engaged in business. Thus, the case as presented to us by the parties depends upon whether appellee was or was not doing business in the District of Columbia.

As we have often pointed out, the District Court of the United States for the District of Columbia is both a federal district court and the local trial court of general jurisdiction.[5] As the former, it is governed by national legislation respecting venue, jurisdiction, procedure, and the like, embodied in the United States Code. As the latter, it is governed by local legislation, embodied in the District of Columbia Code. The parties in the case at bar do not differentiate between these two aspects of the court's authority. However, jurisdiction under the local statute reduces itself under the circumstances of this case, to the same question as does venue under the federal statute. Under local law, the court has jurisdiction over corporations which are domestic here in a local sense, and over those which, by doing business here, are present in the District.[6] Appellee is clearly not domestic to the District of Columbia in a local sense. Under national law, venue lies in the District Court of Northern Alabama, unless, by doing business in the District of Columbia, appellee has waived venue.[7] So, in any event, the question to be determined is whether or not appellee was doing business here in the jurisdictional sense.

Appellee maintains an office in the District of Columbia, with a staff of four full-time and four part-time employees, seven of whom are clerk-stenographers and messengers. The functions of the office are to obtain information concerning matters which may affect appellee, to circulate information concerning appellee to public officials and the public, to arrange meetings between officials of appellee and officials of other agencies of the Government, to represent appellee in purchases from other Government agencies, and to provide space and office service for officials of appellee when they are in Washington. The business of appellee, as defined by statute,[8] is the development of the natural resources of the Tennessee Valley and adjacent and related areas. We do not think that the operation of the Washington office, as described, constitutes the doing of business in the District of Columbia in the jurisdictional sense in which the term is here used.[9]

Since appellee was not doing business within the District of Columbia, the condition of its waiver of venue was not met. Appellant's contention fails for the same reason.

Appellant relies upon Tennessee Valley Authority v. Tennessee Electric Power Co., 6 Cir., 1937, 90 F.2d 885, certiorari denied 1937, 301 U.S. 710, 57 S.Ct. 945, 81 L.Ed. 1363. That was a case begun in a state

[3] 28 U.S.C.A. § 112(a), sec. 51 of the Judicial Code.

[4] Neirbo Co. v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 168, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437.

[5] King v. Wall & Beaver Street Corp., 1944, 79 U.S.App.D.C. 234, 145 F.2d 377.

[6] D.C.Code 1940, §§ 11—306 and 13—103.

[7] In view of appellee's express waiver, and also in view of our conclusion upon the question of doing business, we need not, and do not, consider whether doing business would in itself constitute a waiver of venue.

[8] Section 1 of the Tennessee Valley Authority Act clearly describes the business of appellee, although it does not use the word "business."

[9] Layne v. Tribune Co., 1934, 63 App. D.C. 213, 71 F.2d 223; Neely v. Philadelphia Inquirer Co., 1932, 61 App.D.C. 334, 62 F.2d 873; International Shoe Co. v. State of Washington, 66 S.Ct. 154.

court in Tennessee and removed to the United States District Court. The court pointed out that the venue of such a suit after removal is not the district in which it might have originally been brought, but is the district in which the case is pending, and that, therefore, no question arose under Section 8(a) of the Tennessee Valley Authority Act. That case does not deal with the problem which is in the present case.

Affirmed.