**BOSTON MEDICAL SUPPLY CO. v. BROWN & CONNOLLY, Inc. et al.**

Civ. A. 51–16.

United States District Court
D. Massachusetts.

June 19, 1951.

Allan R. Rosenberg, Boston, Mass., for the plaintiff.

Tyler & Reynolds, George B. Rowlings, Boston, Mass., for defendant E. F. Mahady & Co.

Joseph J. Krohn, Boston, Mass., for defendant the Williams and Wilkins Co.

Vincent L. Hennessy, Boston, Mass., for defendants Viola H. Broadbent and Brown and Connolly, Inc.

Richard C. Evarts, and Lyne, Woodworth & Evarts, all of Boston, Mass., for defendant W. B. Saunders Co.

Warren F. Farr and Ropes, Gray, Best, Coolidge & Rugg, all of Boston, Mass., for defendants Lea and Febiger.

SWEENEY, Chief Justice.

The defendant, Lea and Febiger, has filed a motion to quash the service of the summons and to dismiss the action against them for want of jurisdiction and of proper venue. Proper venue for a treble damage suit under the Clayton Act, section 4, is "any district court of the United States in the district in which the defendant resides or is found or has an agent," where such defendant is an individual or partnership as distinguished from a corporation. 15 U.S.C.A. § 15; cf. 15 U.S.C.A. § 22 as to corporations. Lea and Febiger, the moving party in this treble damage suit, is a Pennsylvania partnership which publishes, sells, and distributes medical books throughout the world. As to Massachusetts, the defendant sends books on consignment to two wholesale and retail medical supply houses in Boston. These Boston distributors sell the books at an agreed price and commission and remit the proceeds of the sales monthly to the defendant in Philadelphia. In addition to books published by the defendant, they carry and sell medical books of some hundred other publishers and deal in various medical supplies. Sales of defendant's books represent only 5% of the total sales of each of these Boston houses in the past two years. Both Boston distributors are Massachusetts corporations whose business is financed, managed, and operated independently of the defendant. For example, they select their own customers, hire and pay their own personnel, select and rent their own quarters, sell in their own name, and choose what supplies they will buy. The question is whether this relationship between the defendant and its Massachusetts distributors is such that defendant "resides or is found or has an agent" within Massachusetts so that venue is proper in this district court.

No claim is made that defendant partnership "resides" in Massachusetts as it is clear that it resides in Pennsylvania.

"Found" has been equated to "presence", to doing business by agents or to acts "of a character warranting inference of subjection to the local jurisdiction". United States v. Scophony Corp., 333 U.S. 795, 805, 68 S.Ct. 855, 92 L.Ed. 1091. But in the end the court must look to the facts of the particular case and decide whether is should exercise jurisdiction. The same test applies to the other statutory formula of having an "agent" within the district.

Such a test means that the court examines the Massachusetts contacts of the particular defendant to decide whether they are sufficient to give proper venue here. I do not think defendant's control over the affairs of the Boston distributors is extensive enough to make the latter agents even though they are designated defendant's "sales agent" in the contract between these parties. Nor are the isolated activities of defendant's representatives in occasional good will trips to Massachusetts, etc., sufficient to make defendant "found" in Massachusetts. Although distinguishable on the ground that they involve corporate rather than partnership defendants, the following cases discuss and construe the statutory language involved here:—Eastman Co. of New York v. Southern Photo Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684; People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587; United States v. Scophony Corp., 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091; Mebco Realty Holding Co. v. Warner Bros. Pictures, Inc., D.C., 45 F.Supp. 340.

Service was made February 15, 1951, on one of the defendant's Boston distributors as purported local "agent" of the defendant within the terms of the Federal Rules of Civil Procedure, rule 4 (d) (3), 28 U.S.C.A., which permits service on a foreign partnership to be made by delivering a copy of the summons and complaint to "a managing or general agent, or to any other agent authorized by appointment or by law to

receive service of process. * * *" As stated above, defendant's Boston distributors operate independent businesses and are not so subject to defendant's control as to be characterized as an "agent" of defendant. Distributing books through Boston commission merchants who operate independently as above outlined does not constitute "doing business" in Massachusetts. Cf. Butler Bros. Shoe Co. v. U. S. Rubber Co., 8 Cir., 156 F. 1.

From the foregoing I conclude and rule that the defendant, Lea and Febiger, is not doing business within the Commonwealth of Massachusetts, and has no agent within this district on whom service of process could be made.

The motion to dismiss is therefore allowed.