WESTERN URN MANUFACTURING COMPANY and Farmer Brothers Company, Appellants,

v.

AMERICAN PIPE AND STEEL CORPORATION, Appellee.

No. 15573.

United States Court of Appeals District of Columbia Circuit.

Argued June 6, 1960.

Decided Oct. 6, 1960.

Bastian, Circuit Judge, dissented.

**280**

Mr. John H. MacVey, Washington, D. C., for appellants.

Messrs. Albert H. Greene and David M. Phelan, Washington, D. C., for appellee.

Before PRETTYMAN, Chief Judge, and DANAHER and BASTIAN, Circuit Judges.

DANAHER, Circuit Judge.

The District Court ordered that appellants' complaint be dismissed for want of jurisdiction and that a writ of attachment before judgment, with interrogatories, be quashed. Thereafter it denied appellants' motion to vacate its order. This appeal followed.

Appellants and the appellee are non-resident corporations. Appellants' complaint and the exhibits of record disclose that appellee had pending in the Court of Claims four actions against the Government, one of which appellee asserted had been filed "for the benefit of Western Urn Manufacturing Company." Appellee by letter of June 4, 1959, proposed to compromise its claims against the Government and asked appellants to scale down their claim, pro rata, to conform to a final settlement figure. Appellee further sought appellants' agreement to extend the appellee's note "until a settlement of the above claims is made," promising to pay monthly interim interest at the rate of 6% with final payment of the principal "immediately that we received funds of the settlement." Appellants, as requested, agreed in writing to the proposals of the appellee.

The Department of Justice and the appellee negotiated a compromise settlement of $300,000 with an entry of judgment in the Court of Claims accordingly. Congress as of September 28, 1959, appropriated funds to satisfy the judgment. Alleging that appellants' pro rata share of the compromise amounted to $25,886.89 and that there had become due $17,451.17, with interest of $1,431 on the promissory note, appellants filed their complaint in the District Court to recover the total of $44,749.06. On the same day, October 16, 1959, the clerk of the District Court issued a writ of "Attachment before judgment" in the claimed amount, with notice to the appellee "as defendant" and to Albert H. Greene "as garnishee." Personal service was made on Greene at 4:15 P.M. that day. Interrogatories were likewise served on the garnishee Greene.

The latter, as "attorney for American Pipe and Steel Corporation, appearing specially" and in his own name as garnishee, filed a motion to dismiss the action and to quash the attachment. It was alleged in the motion that none of the corporate parties is a resident of

"or found" within the District of Columbia or is licensed to do business or is doing business within the District of Columbia. Greene moved for an extension of time to answer the written interrogatories "until seventy-two (72) hours after the court decides the question of jurisdiction."

Also, an attachment before judgment naming as garnishee, National Savings and Trust Company, was later issued and served as of November 2, 1959. The bank as garnishee filed answers to the interrogatories revealing that at the time of the service of the writ, it was not indebted to the appellee, had no credits of that company in its possession or charge but that earlier it had "participated in the negotiation of a U. S. Treasury check in the approximate amount of $209,243.03 payable to American Pipe and Steel Corporation, and paid to or held for the account of Albert H. Greene, attorney in fact for said corporation."[1]

The points and authorities of the garnishee Greene, filed in support of his motion, indicate that he conceived the action as having been commenced in accordance with the provisions of 28 U.S. C. § 1391. As corollary to his misconception he argued "that in the courts of the United States attachment is but an incident to a suit and unless the suit can be maintained the attachment must fall." For the latter proposition appellee relied upon Davis v. Ensign-Bickford Co., 8 Cir., 1944, 139 F.2d 624 and cases cited. There, at page 626 the court makes clear that "Jurisdiction can not be acquired by means of attachment. In the *absence of an existing lien* on property within the jurisdiction of the court a *federal court* must acquire jurisdiction over the person of a defendant before it is authorized to attach his property or garnish his creditors." (Emphasis added.) Undoubtedly the position of the garnishee Greene thus

asserted before the District Court, predicated the order of dismissal and the quashing of the writ. The Davis case was an original action in a *federal* District Court. Had the attachment been procured in a state court action, later removed to a federal court, a different rule would govern, for a valid state attachment would have been protected. Rorick v. Devon Syndicate, 1939, 307 U.S. 299, 59 S.Ct. 877, 83 L.Ed. 1303. Our local attachment provisions may be likened to those authorized in many of the states, entitled to the protection recognized in Rorick as conferring jurisdiction at least to the value of the res. We need not go into refinements, for our local law governs here.

This suit was not brought as a federal action, nor was jurisdiction asserted on diversity grounds.[2] Quite the contrary, the *local* jurisdiction of the District Court was invoked. Congress long since conferred local jurisdiction upon the courts of the District of Columbia, precisely as though they were courts of one of the states. Cf. National Mutual Ins. Co. of District of Columbia v. Tidewater Transfer Co., 1949, 337 U.S. 582, 590, 69 S.Ct. 1173, 93 L.Ed. 1556; Graham v. Brotherhood of Locomotive Firemen, 1949, 338 U.S. 232, 237, 70 S. Ct. 14, 94 L.Ed. 22. As to the power of Congress to legislate for the District of Columbia, see Neild v. District of Columbia, 1940, 71 App.D.C. 306, 310, 110 F.2d 246, 250.

Pursuant to such authority Congress has said:

"No action or suit shall be brought in the District Court of the United States for the District of Columbia by original process against any person who shall not be an inhabitant of, or found within, the District, *except as otherwise special-*

---

1. The record further indicates that the Government, after deducting an amount equal to its tax claim against appellee, had, on or about October 16, 1959, issued its Treasury check so described by the bank and had placed it in Greene's possession. Apparently, the check was thereafter deposited and was paid by the Treasurer on October 19, 1959.

2. Cf. 28 U.S.C. § 1332 as well as § 1391.

*ly provided."* (Emphasis added.) D.C.Code § 11–308 (1951).

Congress has *specially provided* that:

"In any action at law in the District Court of the United States for the District of Columbia or the municipal court of said District, for the recovery of * * * a debt, or damages for the breach of a contract, express or implied, if the plaintiff, his agent or attorney, either at the commencement of the action or pending the same, shall file an affidavit showing the grounds of his claim and setting forth that the plaintiff has a just right to recover what is claimed in his declaration * * * and also stating either, first, *that the defendant is a foreign corporation or is not a resident of the District* (emphasis added) * * * the clerk shall issue a writ of attachment and garnishment, to be levied upon so much of the * * * credits of the defendant as may be necessary to satisfy the claim of the plaintiff: *Provided,* That the plaintiff shall first file in the clerk's office a bond * * * in twice the amount of his claim * * *." D.C.Code § 16–301 (1951).

The courts of the District of Columbia are open to the citizens of each of our states.[3] Our appellants, plaintiffs in the District Court, entered this jurisdiction and invoked the aid of our courts in furtherance of their claim. They filed their bond, approved by the clerk of court in the amount of $90,000, pursuant to D.C.Code § 16–301 (1951), supra. The writ of garnishment was directed to Albert H. Greene who was at the time of service and still is attorney for the appellee and to whom funds were "paid to or held for the account of Albert H. Greene, attorney in fact for said corporation" as shown by the return of National Savings and Trust Company. See text supra.[4] *Personal service upon Mr. Greene as garnishee* was had here in the District of Columbia. Since the District Court dismissed the complaint and quashed the interrogatories, the record does not disclose whether or not Mr. Greene, when served, still had in his possession the funds of the appellee or was otherwise indebted to it. If he did have possession of such assets, he was properly subject to service of the writ. When Greene was so served, if possessed of appellee's assets, the action became a

3. Of course, a nonresident plaintiff may be required to furnish adequate security for costs. Moyers v. Leoffler, D.C.D.C. 1941, 80 F.Supp. 221, and D.C.Code § 11–1506 (1951) expressly provides:

"A nonresident may, at the commencement of his suit, deposit with the clerk such sum in money as the court shall deem sufficient as security for all costs that may accrue in the cause, which deposit may afterwards be increased on application, in the discretion of the court."

Moreover, in our municipal court, nonresidents of the District of Columbia may commence suits without first giving security for costs "but upon motion may be required to give such security in pursuance of section 11–1506." See D.C.Code § 11–719 (1951) and Rice v. Salnier, D.C. Mun.App.1952, 86 A.2d 175, where that able court expressly upheld the right of a nonresident plaintiff to proceed after

an attachment before judgment as authorized by D.C.Code § 16–301 (supra).

4. The presence of a nonresident may be commanded as authorized by D.C.Code § 13–108 (1951):

"Publication may be substituted for personal service of process upon any defendant * * * who is shown by affidavit *to be a nonresident* * * * in suits * * * *by attachment* * * * and in all actions * * * which have for their immediate object the * * * establishment of any lawful right, claim, or demand to or against * * * personal property within the jurisdiction of the court.

"Personal service of process may be made * * * on a non-resident defendant out of the District of Columbia * * * *." (Emphasis added.) Cf. Rorick v. Devon Snydicate, supra text, 307 U.S. at page 309, 59 S.Ct. at page 882.

suit in personam against the garnishee Greene.[5]

"Attachment is the creature of the local law; that is, unless there is a law of the state providing for and permitting the attachment it cannot be levied there. If there be a law of the state providing for the attachment of the debt, *then, if the garnishee be found in that state, and process be personally served upon him therein,* we think the court thereby acquires jurisdiction over him, and can garnish the debt due from him to the debtor of the plaintiff, and condemn it, provided the garnishee could himself be sued by his creditor in that state." Harris v. Balk, 1905, 198 U.S. 215, 222, 25 S. Ct. 625, 626, 49 L.Ed. 1023. (Emphasis added). Had Greene, "found" within the District, refused or failed to remit to appellee, he clearly would have become subject here to suit by the appellants' alleged debtor.[6]

Every indication on this record is that funds of this appellee at some time on October 16, 1959 came into the hands of Greene. Since there is no showing as to the state of his indebtedness to the appellee at the time the writ was served, we will vacate the order of dismissal and remand the case to the District Court to the end that it be ascertained whether or not Greene had funds belonging to the appellee in his possession or was otherwise indebted to it at the time of the service of the writ of attachment. If the court shall find that Greene at the time of service of the writ was not indebted to the appellee or otherwise possessed its assets, the order of dismissal will be reentered.

If on the other hand Greene shall be found to have been possessed of assets, funds or credits, of the appellee at the time the writ was served, the court shall reinstate the complaint, subject to such further proceedings as the parties may feel advised to pursue.

Reversed.

BASTIAN, Circuit Judge, dissents.

---

5. United States ex rel. Ordmann v. Cummings, 66 App.D.C. 107, 109, 85 F.2d 273, 275 (1936); and see Hollywood Credit Clothing Co. v. Hundley, D.C.Mun.App. 1955, 118 A.2d 515.

6. Applying New York law, see Heydemann v. Westinghouse Electric Mfg. Co., 2 Cir., 1936, 80 F.2d 837, 840. And see Standard Oil Co. v. Superior Court, 1948, 5 Terry 538, 44 Del. 538, 62 A.2d 454, 149 A.L.R.2d 405, appeal dismissed, 336 U.S. 930, 69 S.Ct. 738, 93 L.Ed. 1090 "for want of a substantial federal question"; rehearing denied, 1949, 336 U.S. 955, 69 S.Ct. 879, 93 L.Ed. 1109; 14 A.L.R.2d 420, note § 5, 430.