Francis B. BOARDMAN, Plaintiff,
v.
Jerome MARTOCCHIA
and
Walter R. Rosendale, Defendants.
Civ. A. No. 663–63.

United States District Court
District of Columbia,
Civil Division.
May 8, 1963.

Edward Gallagher, George R. Gallagher, Washington, D. C., for plaintiff.

Frank J. Martell, Washington, D. C., for defendants.

PINE, District Judge.

This is a motion to dismiss the action on three grounds, namely, lack of jurisdiction over defendants, improper venue, insufficiency of process and service of process.

The complaint discloses the following facts:

Plaintiff, a resident of Albany, New York, has filed suit in this Court against two defendants who are in the armed service stationed at the Marine Corps School at Quantico, Virginia. Plaintiff claims damages on account of an automobile accident occurring in the District of Columbia. Service of process on both defendants was effected under the Motor Vehicle Safety Responsibility Act of the District of Columbia, more particularly Sec. 40–423, D.C.Code, 1961 Ed., relat-

ing to process on non-residents involved in automobile accidents in the District.

■ Defendants claim that this section is not available to a non-resident plaintiff and place reliance on Sec. 1391 (a), 28 U.S.C., which reads as follows:

"A civil action wherein jurisdiction is *founded only on diversity of citizenship* may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside." (Italics supplied.)

While neither plaintiff nor defendants reside within the District of Columbia, this action is not founded on diversity of citizenship, and this section is therefore inapplicable. Instead, it is founded on the general jurisdiction of this Court, similar to that of State courts, which I shall now discuss.

Sec. 11–305, D.C.Code, provides as follows:

"The United States District Court for the District of Columbia, *in addition to its jurisdiction as a United States district court*, shall continue to have and exercise all the jurisdiction possessed and exercised by it on August 31, 1948." (This is the last effective date of the Code provision which this Section superseded.) (Italics supplied.)

Sec. 11–306, D.C.Code, provides:

"Said courts [United States District Court for the District of Columbia] shall have cognizance * * of all cases in law and equity between parties, both or either of which shall be resident or be found within said district * * *."

■ Because of these sections of the D.C.Code, this Court "is clothed with a two-fold jurisdiction." It has the jurisdiction of United States District Courts generally, attained under Art. III of the Constitution, and all the ordinary and usual jurisdiction of a State court attained under Sec. 8, Art. I of the Constitution. King v. Wall & Beaver Street Corp., 79 U.S.App.D.C. 234, 145 F.2d

377; Western Urn Mfg. Co. v. American Pipe & Steel Corp., 109 U.S.App.D.C. 145, 284 F.2d 279. Diversity of citizenship is therefore not a prerequisite to jurisdiction or venue. However, the Code provision last above quoted limits jurisdiction to cases where both or either of the parties shall be a resident or found within this District.

■ This limitation is further restricted as regards defendants in a succeeding section of the Code, Sec. 11–308, D.C.Code, supra, but it contains an exception. The section reads as follows:

"No action or suit shall be brought in the United States District Court for the District of Columbia by original process against any person who shall not be an inhabitant of, or found within, the District, *except as otherwise specially provided.*" (Italics supplied.)

Among the exceptions specially provided is Sec. 40–423, D.C.Code, supra, pursuant to which defendants were served with process herein. This section, the constitutionality of which can no longer be questioned in the light of Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, provides for substituted service on a non-resident motorist involved in an automobile accident on a public highway in the District of Columbia. By its terms, process served upon a non-resident pursuant thereto, shall have the same legal force and validity as if served upon him personally in the District of Columbia, provided the procedures therein set forth are carried out. There is no dispute on this point.

The foregoing would therefore appear to be a complete answer to the motion to dismiss, but defendant claims that this statutory exception to the prohibition against an action against a person who shall not· be an inhabitant or found within the District above referred to does not apply to a non-resident plaintiff. The exception does not expressly exclude non-resident plaintiffs from its coverage, and I find no basis for a Congressional intent to exclude them. The statute is clear and unequivocal and provides

that the operation by a non-resident of a motor vehicle on a public highway of the District of Columbia shall be deemed equivalent to an appointment by such non-resident of the Commissioners of the District to be his true and lawful attorney upon whom may be served all lawful processes in an action against him growing out of an accident in which he may be involved while operating a motor vehicle on such public highway.

On this point defendants rely on Olberding v. Illinois Central R. Co., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39. That case was instituted in the United States District Court for the District of Kentucky against the owner of a truck which while on temporary business in Kentucky collided with an overpass of plaintiff railroad. Jurisdiction necessarily was based on diversity of citizenship, which as above stated is not involved in the instant case, and the decision of the Court rested on Sec. 28–1391(a), U.S.C., the above quoted diversity of citizenship statute which has no application here. It is true that the Court stated that non-resident motorist statutes of the kind here involved are "primarily" intended for resident injured parties, but it did not hold that such statutes are *solely* intended for such persons. It further stated in its decision that the fact that a non-resident motorist who came into Kentucky can, consistent with the Due Process Clause of the 14th Amendment, be subjected to suit in the appropriate Kentucky State Court has "nothing whatever to do with his rights under 28 U.S.C. § 1391(a)," the diversity of citizenship statute.

By the same token a non-resident motorist who comes within the District of Columbia can be subjected to a suit in the appropriate District of Columbia (State) Court where plaintiff is not required to rely on diversity of citizenship to invoke jurisdiction, and I find no basis for limiting this right to resident plaintiffs of the District.[1]

Indeed, absent a legal impediment, this would appear to be the logical and proper jurisdiction because the tort was allegedly committed here, the law of the District of Columbia governs, and the witnesses, including the physician who treated the plaintiff in the first instance, are in the District of Columbia.

The motion to dismiss will therefore be denied.

---

1. Other jurisdictions have held to the same effect. See, e. g., State ex rel. Rush v. Circuit Court, 209 Wis. 246, 244 N.W. 766; Sobeck et al. v. Koellmer, 240 App. Div. 736, 265 N.Y.S. 778 (1933); Beach v. D. W. Perdue Co., 5 W.W.Harrington 285, 35 Del. 285, 163 A. 265 (1932).