Curtis W. BRODEN and Yvonne Broden, Plaintiffs,

v.

Charles W. BOWLES, Defendant and Third-Party Plaintiff,

v.

N. David DAUMIT, Third-Party Defendant.

Civ. A. No. 3307-62.

United States District Court District of Columbia.

March 19, 1964.

Gerald W. Farquhar, of Macleay, Lynch, Channing & Bernhard, Washington, D. C., for movant Daumit.

Denver H. Graham, of Brault & Graham, Washington, D. C., for respondent Bowles.

KEECH, District Judge.

■ This matter is before the court on a motion to quash service of process upon a third-party defendant made pursuant to F.R.Civ.P. 4(f) as amended January 21, 1963, effective July 1, 1963. That rule provides in pertinent part:

"* * * persons who are brought in as parties pursuant to * * * Rule 14 [third-party practice] * * may be served in the manner stated in paragraphs (1)–(6) of subdivision (d) of this rule at all places outside the state but within the United States that are not more than 100 miles from the place in which the action is commenced, * * * ".

A Deputy United States Marshal has certified that the complaint and summons were served on the above-named third-party defendant in Silver Spring, Maryland. The court takes judicial notice of the fact, and counsel concedes, that Silver Spring, Maryland, is a suburb of the District of Columbia, well within the prescribed one-hundred-mile limitation. There is no contention that the service upon the third-party defendant was not in strict accord with the requirements of Rule 4(f). Rather, counsel for the movant contends that valid service can be made only pursuant to D.C.Code, Title 11, Section 521,[1] which provides, in pertinent part, that this Court has:

"original jurisdiction of all:

"(1) civil actions between parties, where either or both of

them are resident or found within the District; and

* * * * *

"Except as otherwise specially provided, an action may not be brought in the District Court by original process against a person who is not resident or found within the District."

Counsel seeks to justify this contention by concluding that the last-cited Code provision is specifically applicable to the District of Columbia whereas Rule 4(f) has only general applicability to all federal courts. It is contended in opposition to the motion that service made pursuant to F.R.C.P. 4(f) is valid because it falls within the clause "Except as otherwise specially provided" (hereinafter referred to as the special provision clause)—in other words, that the Congress has, through its authorization of the rules and acquiescence in the promulgation of Rule 4(f), specially provided for service in third-party actions in the manner set forth in Rule 4(f).

In resolving the issue presented by the instant motion it seems helpful to view certain related legislative actions. Apart from the special provision clause, Section 11–521 of the D.C.Code ultimately stems from Sections 5 and 6 of the District of Columbia Organic Act of 1801.[2] While the court has found no legislative history of these sections which might be of help,[3] it does note that the language is strikingly similar to language which appears in Section 11 of the Judiciary Act of 1789.[4] The court adopts

1. Part II of the Code, which includes Titles 11 through 17, was revised, codified, and reenacted by Public Law 88–241 on December 23, 1963, and took effect on January 1, 1964 (77 Stat. 478).

2. 2 Stat. 103, ch. 15, set forth on page xxvii of Vol. I of the D.C.Code (1961 ed.).

3. At the time there was no established practice of printing all public documents. Many of those that were printed were destroyed when British forces burned the

public buildings in Washington on Aug. 24, 1814. The Annals of Congress and the American State Papers are extant sources which were checked by the court.

4. 1 Stat. 73, ch. 20, at page 78, which reads in part: "And no civil suit shall be brought * * * against an inhabitant of the United States, by any original process in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ, * * * ".

Blackstone's definition of "original process" as "the means of compelling the defendant to appear in court,"[5] as the one most probably intended by Congress at that time. A third-party summons fulfills that function. If he wishes, a third-party plaintiff may pursue his claim by independent action.[6] Consequently, "original process" in the context of D.C.Code Section 11–521 includes the summons served in this case. The special provision clause was not in the 1801 statute and first appears[7] in Section 767 of the Revised Statutes of the United States Relating to the District of Columbia,[8] in which the laws in force on December 1, 1873, were revised and enacted to supersede previous statutes. It might at first glance be concluded that this clause refers to those instances in which a party is brought before the Court other than by personal service within the territorial jurisdiction, such as by attachment of his property, but if Blackstone's classification of these instances as the means of compelling a defendant to appear in court were followed[9] there would be no need to specially provide for them. The court has found no legislative records or reviser's annotations to the Revised Statutes which help in this matter. An annotation to a comparable provision in an 1894 compilation of District of Columbia laws[10] referred the court to Section 737 of the Revised Statutes of the United States. This section re-enacted an 1839 act[11] allowing the Courts of the United States (of which the Circuit Court for the District of Columbia was one) to assume jurisdiction where less than all of the defendants could be served in or were inhabitants of the district in which suit was filed. This act had been viewed in some cases[12] as an exception to that part of Section 11 of the Judiciary Act of 1789 which is similar to D.C.Code Section 11–521. Consequently, it seems most likely that this was the special provision, if any there was, referred to by the revisers when they added that clause in Section 767 of the Revised Statutes of the United States Relating to the District of Columbia. It will be noted that this exception, i. e. Section 737, is a statute of general applicability not specifically limited to this district.

In 1934 the Congress delegated to the United States Supreme Court its power to make general rules of procedure "for the district courts of the United States and for the courts of the District of Columbia."[13] Pursuant to that delegation, the Supreme Court, by order of June 3, 1935,[14] appointed an advisory committee for the preparation of a unified system of general rules for cases in equity and actions at law in the District Courts of the United States and in the Supreme Court of the District of Columbia. That committee prepared what were

5. III Commentaries (Harper Bros., 1854), ch. xix, p. 279 ff. Blackstone distinguished *original* from *mesne* process, e. g. subpoena for witness, and *final* process used for execution.

6. 3 Moore's Federal Practice (2nd ed.), Section 14.06; Nationwide Mutual Ins. Co. v. Capitol Cab Cooperative Assn., Inc. (Mun.App.D.C.), 158 A.2d 674.

7. The clause in question appears in none of the six compilations of D.C. laws which appeared before 1875. The six are abstracted from a study made by Justice Walter Cox of the Supreme Court of the District of Columbia on p. ix of Vol. I of the D.C.Code (1961 ed.).

8. 18 Stat., Part 2 (1875).

9. See footnote 5 above.

10. Chapt. XXXV, Sec. 28 of The Compiled Statutes in force in the District of Columbia. (Compiled by Abert and Lovejoy —Government Printing Office, 1894.)

11. 5 Stat. 321.

12. Louisville, C. & C. RR. Co. v. Letson, 43 U.S. (2 How.) 497, 556, 11 L.Ed. 353; Clearwater v. Meredith, 62 U.S. (21 How.) 489, 492, 16 L.Ed. 201; Barney v. Baltimore City, 73 U.S. (6 Wall.) 280, 285, 18 L.Ed. 825.

13. 48 Stat. 1064, c. 651.

14. 295 U.S. 774.

to become the Federal Rules of Civil Procedure.[15] Generally, the Federal Rules apply to all civil actions in this Court [16] except (under Rule 81(a) (1)) probate, adoption, and lunacy proceedings. Apart from the foregoing no rule excepts the United States District Court for the District of Columbia or any portion of its jurisdiction from the application of amended Rule 4(f). Indeed, the notes of the Advisory Committee [17] indicate that one of the desirable points about the rule would be its usefulness to litigation in metropolitan areas spanning more than one state. This Court is situated at the center of just such an area.

█ It has been settled since the time of Chief Justice Marshall that Acts of Congress relating to the District of Columbia are laws of the United States.[18] Moreover, when a later statute of general applicability is inconsistent with an earlier statute only locally applicable the earlier statute is repealed to the extent that it is inconsistent.[19] In 1948 the Congress added to the rule-making statute the words, "All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." [20] However, the court is mindful of its duty to give effect, if possible, to every clause and word of the enactments in question, for "[t]he cardinal principle of statutory construction is to save and not to destroy." [21] Accordingly, the court construes Federal Rule 4(f) to be an exception "as otherwise specially provided" within the meaning of D.C.Code, Section 11–521.[22]

█ In this case the plaintiff's injury is alleged to be due to a deceptive and unsafe condition in defendant's building. The third-party defendant is the alleged designer of the building. Consequently this third-party claim arises out of the "occurrence that is the subject matter of the plaintiff's claim," (F.R.C.P. 14) and is ancillary to the principal claim, so that this court's instant ruling is not an extension of jurisdiction prohibited by Federal Rule 82;[23] rather

15. See Chandler, Some Major Advances in the Federal Judicial System, 31 F.R.D. 307, 493–498.

16. The words "and for the courts of the District of Columbia" in the 1934 act were omitted in the 1948 revision and re-enactment of the Judicial Code. The Reviser's Notes to 28 U.S.C. § 2072 indicate that the phrase "district courts" includes the District Court for the District of Columbia (1948 U.S.Code Congressional Service, p. 1897). Cf. 28 U.S.C. § 88.

17. 3A Barron & Holtzoff, Federal Practice & Procedure (Wright ed.), 1963 pocket part, p. 101.

18. Cohens v. Virginia, 19 U.S. (6 Wheat.) [264] 120, 189–91, 5 L.Ed. 257; Glidden Company v. Zdanok, 370 U.S. 530, 581, 82 S.Ct. 1459, 8 L.Ed.2d 671, Harlan, J., no majority opinion.

19. Jordan v. United States, 93 U.S.App. D.C. 65, 207 F.2d 28.

20. June 25, 1948, c. 646, 62 Stat. 961, 28 U.S.C. § 2072, Cf. Fennell v. Bache, 74 App.D.C. 247, 123 F.2d 905, cert. denied 314 U.S. 689, 62 S.Ct. 359, 86 L. Ed. 551, which was decided before this act was passed.

21. United States v. Menasche, 348 U.S. 528, 538, 75 S.Ct. 513, 520, 99 L.Ed. 615.

22. There is some indication in the record (par. 2 of the Third-party Complaint) that there may be diversity of citizenship in this case, but the court does not deem the distinction between its jurisdiction under 28 U.S.C. § 1332 and D.C.Code, Section 11–521 to be material to its decision in this case. If the movant be correct his contention should apply to all civil actions in this Court. Cf. King v. Wall & Beaver Street Corp., 79 U.S. App.D.C. 234, 145 F.2d 377, and Fehlhaber Pile Co. v. Tennessee Valley Authority, 81 U.S.App.D.C. 124, 155 F.2d 864, which differ in that the federal provisions in those cases were construed to apply only if federal jurisdiction were first established, while the Federal Rules of Civil Procedure apply to all civil actions in this Court except as noted.

23. Dery v. Wyer (2nd Cir.), 265 F.2d 804, 807.

it enables the Court to determine the entire controversy between the parties, all of whom live in this metropolitan area, which is a convenience both to the Court and to the parties.

The motion is denied.