**Sam VOGEL and Snyder & Hilda Vogel, Plaintiffs,**

v.

**TENNECO OIL COMPANY (a corporation), Defendant.**

**Civ. A. No. 1696–67.**

United States District Court
District of Columbia.

Dec. 1, 1967.

---

Carl L. Shipley, Rufus W. Peckham, Shipley, Ackerman & Pickett, Washington, D. C., for plaintiffs.

Max H. Lawrence, Oklahoma City, Okl., Robert E. Shaw, Washington, D. C., for defendants.

## OPINION

SIRICA, District Judge.

The parties are before the court on a motion to dismiss a complaint for breach of contract on the ground that the court lacks jurisdiction of the subject matter. Defendant has also moved for a change of venue in the event the court finds that jurisdiction is present. Plaintiffs are citizens and residents of Texas. Defendant is a Delaware corporation with its principal place of business in Texas,[1] and is licensed to do business in the District of Columbia.[2]

---

1. Defendant is engaged in oil and gas exploration, and producing, refining, manufacturing, and marketing operations in a majority of the states. The nerve center of the operation, however, is located in Houston, where the corporate records are retained, a majority of the executive officers are employed, its principal accounting operations are handled, including preparation of its payroll and tax returns. Finally almost all policy determinations with respect to the direction and control of company affairs are made in Houston, where the Board of Directors consistently meets.

2. D.C.Code Ann. § 29–933d (1967) states the requirements which must be met to procure a certificate to transact business in the District.

Plaintiffs invoke the jurisdiction of this court on the ground of diversity of citizenship. Diversity jurisdiction is conferred on United States District Courts by 28 U.S.C. § 1332 (1964), which states:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000 * * * and is between * * * citizens of different States.

\* \* \* \* \* \*

(c) For the purposes of this section * * * a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.

Defendant contends that, since both parties are citizens of Texas, diversity of citizenship is not present. Plaintiffs argue, however, that diversity is not the sole ground of jurisdiction; that 28 U.S.C. § 1391(c) (1964), establishes an alternative ground. This section, part of the federal venue statute, states that a corporation may be sued in any judicial district in which it is incorporated or licensed to do business, or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes. Plaintiffs contend that since defendant is licensed to do business in the District of Columbia, it may be sued here.

Plaintiffs' reliance on section 1391(c), however, is both misplaced and unnecessary. Section 1391(c) relates only to the proper placing of venue once jurisdiction has been found;[3] it cannot be used in itself as a basis for jurisdiction.[4] Generally federal jurisdiction is invoked on one of two grounds.[5] There is either a federal question involved,[6] or there is diversity of citizenship.[7] Unless one or the other is present the court cannot go forward with the case. It is only after the court has determined that it has jurisdiction that the question of the proper venue arises.[8] Whenever it is determined that the court lacks jurisdiction it cannot proceed[9] even though the requirements of section 1391(c) have otherwise been met.

In the instant case, then, if diversity existed the action could be brought in this district pursuant to section 1391(c), for the defendant is licensed to do business here. However, since both parties are citizens of Texas, diversity as a basis for federal jurisdiction, is lacking.

This is not the end of the matter, however, for the United States District Court for the District of Columbia is one of those unique federal courts[10] that have a general jurisdiction in law and equity corresponding to that of the state courts with respect to matters which in a state would be reviewed by a state court.[11] This court is open to the citizens of any state who properly invoke

3. Arrowsmith v. United Press Int'l, 320 F.2d 219, 225, 6 A.L.R.3d 1072 (2d Cir. 1963).

4. See id.

5. The federal courts also have exclusive jurisdiction of certain types of cases including admiralty, patent, and bankruptcy proceedings. See 1 Barron & Holtzoff, Federal Practice & Procedure § 22 (Wright ed. 1960).

6. 28 U.S.C. § 1331 (1964).

7. 28 U.S.C. § 1332 (1964).

8. Bookout v. Beck, 354 F.2d 823, 825 (9th Cir. 1965); Arrowsmith v. United Press Int'l, 320 F.2d 219, 221, 6 A.L.R. 3d 1072 (2d Cir. 1963).

9. Fed.R.Civ.P. 12(h); see Mitchell v. Maurer, 293 U.S. 237, 55 S.Ct. 162, 70 L.Ed. 338 (1934); Colonial Realty Corp. v. Bache & Co., 358 F.2d 178, 183 (2d Cir.), cert. denied 385 U.S. 817, 87 S.Ct. 40, 17 L.Ed.2d 56 (1966).

10. Other courts having a dual jurisdiction include the Canal Zone, the Virgin Islands, and Guam. 1 Barron & Holtzoff, Federal Practice & Procedure § 63 (Wright ed. 1960).

11. O'Donoghue v. United States, 289 U.S. 516, 545, 53 S.Ct. 740, 77 L.Ed. 1356 (1933); Western Urn Mfg. Co. v. American Pipe & Steel Corp., 109 U.S.App. D.C. 145, 147, 284 F.2d 279, 281 (1960); Fehlhaber Pile Co. v. Tennessee Valley

its jurisdiction.[12] Diversity of citizenship is not a necessary prerequisite for local jurisdiction.[13] All aspects of local jurisdiction are governed by local statute,[14] in this case D.C.Code Ann. § 11–521 (1967):

> (a) Except in actions or proceedings over which exclusive jurisdiction is conferred by law upon other courts in the District, the United States District Court for the District of Columbia; in addition to its jurisdiction as a United States district court and to any other jurisdiction conferred by law, has * * * original jurisdiction of all:
>
> > (1) civil actions between parties, where either or both of them are resident or found within the District * * *.
>
> (b) Except as otherwise specially provided, an action may not be brought in the District Court by original process against a person who is not resident or found within the District.

When the local jurisdiction of the court is invoked, a party may not allege compliance or noncompliance with the requirements of the local statute by showing that jurisdiction or venue is present or absent under a federal statute,[15] nor may federal jurisdiction be obtained by qualifying under the local statute.[16] Thus plaintiff may not bring suit in the District of Columbia merely be-

Authority, 81 U.S.App.D.C. 124, 125, 155 F.2d 864, 865 (1946); King v. Wall & Beaver St. Corp., 79 U.S.App.D.C. 234, 237, 145 F.2d 377, 380 (1944); Boardman v. Martocchia, 216 F.Supp. 830 (D.D.C.1963); see North Branch Prods., Inc. v. Fisher, 109 U.S.App.D.C. 182, 284 F.2d 611 (1960), cert. denied, 365 U.S. 827, 81 S.Ct. 713, 5 L.Ed.2d 705 (1961).

The general jurisdiction present in the District Court for the District of Columbia is equivalent to the "judicial residuum" retained by the states under Art. III, Section 2, Clause 1, of the Constitution. Congress, having the power under Art. 1, Section 8, Clause 17 of the Constitution to legislate for the District of Columbia, has provided that this court shall have a jurisdiction similar to that possessed by the state courts of Maryland and Virginia when the District was a part of those states. Pang-Tsu Mow v. Republic of China, 91 U.S.App. D.C. 324, 201 F.2d 195 (1952), cert. denied, 345 U.S. 925, 73 S.Ct. 784, 97 L.Ed. 1356 (1953).

12. Graham v. Brotherhood of Locomotive Firemen & Enginemen, 338 U.S. 232, 236–237, 70 S.Ct. 14, 94 L.Ed. 22 (1949); Western Urn Mfg. Co. v. American Pipe & Steel Corp., 109 U.S.App.D.C. 145, 284 F.2d 279 (1960).

13. Boardman v. Martocchia, 216 F.Supp. 830 (D.D.C.1963); cf. North Branch Prods., Inc. v. Fisher, 109 U.S.App.D.C. 182, 284 F.2d 611 (1960), cert. denied, 365 U.S. 827, 81 S.Ct. 713, 5 L.Ed.2d 705 (1961), where the court stated:

The fact that the complaint alleges jurisdiction over the subject matter under 28 U.S.C. § 1338, is immaterial if, as we think is true, the allegations bring the case within the equity jurisdiction of the court aside from that provision.

Id. at 185 n.7, 284 F.2d at 614 n.7. Section 1338 gives federal district courts, *inter alia*, jurisdiction over patent, trademark and copyright questions arising under federal law, but leaves unimpaired the underlying equity jurisdiction inherent in the state courts.

14. Fehlhaber Pile Co. v. Tennessee Valley Authority, 81 U.S.App.D.C. 124, 155 F.2d 864 (1946). But cf. Broden v. Bowles, 35 F.R.D. 13 (D.D.C.1964).

15. King v. Wall & Beaver St. Corp., 79 U.S.App.D.C. 234, 145 F.2d 377 (1944); see Boardman v. Martocchia, 216 F.Supp. 830 (D.D.C.1963). In *Boardman* the defendant, alleging improper venue, argued that since both parties were nonresidents of the District, 28 U.S.C. § 1391 (a) (1964) prohibited suit in the District. Section 1391(a) states that where a civil action is based only upon diversity of citizenship it may be brought only in the judicial district where all plaintiffs or all defendants reside. The court found that this section was not applicable because jurisdiction was not based on diversity, but on the general jurisdiction placed in the court under local statute.

16. King v. Wall & Beaver St. Corp., 79 U.S.App.D.C. 234, 145 F.2d 377 (1944); see Mutual Int'l Export Co. v. Napco Indus., Inc., 114 U.S.App.D.C. 392, 316 F.2d 393 (1963) (Wright, J. concurring).

cause 28 U.S.C. § 1391(c) states that a corporation may be sued wherever it is licensed to do business. Section 1391(c) has no application where jurisdiction is alleged under D.C.Code Ann. § 11–521. Plaintiff must show that defendant is a resident or *found* in the District.[17]

"Resident" has been interpreted to mean state of domicile.[18] There is no indication on the face of the complaint that defendant is domiciled in the District of Columbia. There is, however, a statement that defendant is transacting business in the District. It has been held that when a corporation is conducting business in a district of a character warranting inference of subjection to the local jurisdiction, it is found there.[19] In addition, defendant admits that it is licensed to do business in the District of Columbia. As a condition for receiving a certificate to do business in the District of Columbia defendant had to appoint a local agent to accept service of process,[20] and this has been held to be sufficient to subject a foreign corporation to the jurisdiction of the local courts.[21] To complete the circle, when a corporation is subject to the jurisdiction of the local courts, it is said to be found in the district.[22] Thus plaintiff has stated sufficient jurisdictional facts in its complaint to establish jurisdiction in this court under D.C.Code Ann. § 11–521 (1967).

For these reasons defendant's motion to dismiss is denied.[23]

17. Graham v. Brotherhood of Locomotive Firemen & Enginemen, 338 U.S. 232, 70 S.Ct. 14, 94 L.Ed. 22 (1949); Boardman v. Martocchia, 216 F.Supp. 830 (D.D.C.1963); D.C.Code Ann. § 11–521 (1967).

18. King v. Wall & Beaver St. Corp., 79 U.S.App.D.C. 234, 145 F.2d 377 (1944).

19. United States v. Scophony Corp. of America, 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091 (1948); Aro Mfg. Co. v. Automobile Body Research Corp., 352 F. 2d 400 (1st Cir. 1965), cert. denied, 383 U.S. 947, 86 S.Ct. 1199, 16 L.Ed.2d 210 (1966); Winkler-Koch Eng'r Co. v. Universal Oil Prods. Co., 70 F.Supp. 77 (S.D.N.Y.1946).

20. D.C.Code Ann. §§ 29–933d, 29–933i (1967).

21. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L. Ed. 167 (1939).
When a foreign corporation has voluntarily complied with local statutes and has formally designated an agent for service of process in a state, no question should arise as to the amenability of the corporation to service of process within the state.
2 Moore, Federal Practice ¶ 4.25[5] (2d ed. 1966).

22. Boston Medical Supply Co. v. Brown & Connolly, Inc., 98 F.Supp. 13 (D.Mass. 1951), aff'd sub nom., Boston Medical Supply Co. v. Lea & Febiger, 195 F.2d 853 (1st Cir. 1952); see Kelberine v. Societe Internationale, 124 U.S.App.D.C. 257, 363 F.2d 989, cert. denied, 385 U.S. 989, 87 S.Ct. 595, 17 L.Ed.2d 450 (1966).

23. Defendant has also asked the Court, in the event that it finds it has jurisdiction of this action, for a change of venue. It has been stated many times that " 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' " Blake v. Capitol Greyhound Lines, 95 U. S.App.D.C. 334, 222 F.2d 25 (1955), quoting Wiren v. Laws, 90 U.S.App.D.C. 105, 194 F.2d 873 (1951). The Court is of the opinion that the defendant has not shown any hardship sufficient to avoid plaintiff's choice of forum. Consequently the motion for a change of venue is denied.