Millard W. RICE, Plaintiff,

v.

**DISABLED AMERICAN VETERANS,**
Defendant.

Civ. No. 2018–67.

United States District Court

District of Columbia.

Nov. 18, 1968.

**132**

Wallace L. Schubert, Washington, D. C., for plaintiff.

Al Philip Kane, Matthew A. Kane, Washington, D. C., for defendant.

### MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

On September 10, 1968, this Court heard and granted a Motion by Defendant for a Change of Venue to the United States District Court for the Northern District of Illinois. The Motion was granted pursuant to the Court's authority under Title 28, Section 1404(a) of the United States Code, which provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (1964). Recognizing that that order was not supported by sufficient findings of fact, the Court sua sponte set aside its order for change of venue on September 19, 1968, and ordered that the parties submit factual information as to certain specified factors relevant to a motion for change of venue under Title 28, Section 1404(a). Both parties have submitted the information requested.

Although neither party raised the issue, and without reference to the information requested and submitted, the Court concludes that it is without authority to change venue to the United States District Court for the Northern District of Illinois. We conclude that the District Court for the District of Columbia has only local jurisdiction in this case and not federal jurisdiction. Thus, the only federal district court in which the action might have been brought is in the District of Columbia. The Northern District of Illinois is not a district "where it might have been brought," and, consequently, there is no authority under 28 U.S.C., Section 1404(a) to transfer the case to the federal district court there.

Plaintiff is a resident of the State of Virginia. Defendant is a federally-chartered corporation created by Act of Congress, 36 U.S.C. §§ 90a–90k (1964). The national headquarters of Defendant organization was Cincinnati, Ohio at the time of the transactions involved in this lawsuit, but is now Cold Springs, Kentucky. The organization has chapters throughout the country and has branch offices in both the State of Illinois and the District of Columbia. It has designated agents for service of of process, as required by 36 U.S.C., Section 90j.

■■ Plaintiff alleges in his amended complaint that this Court has jurisdiction under Title 11, Section 521 of the District of Columbia Code, D.C.Code § 11–521 (1967). He does not allege jurisdiction under any federal statute. Yet, it is appropriate that we inquire whether there is such federal jurisdiction. Generally, federal jurisdiction is invoked on one of two grounds. There is either a federal question involved, 28 U.S.C. § 1331 (1964), or there is diversity of citizenship between the parties, 28 U.S.C. § 1332 (1964). See, e. g., Vogel v. Tenneco Oil Co., 276 F.Supp. 1008, 1010 (D.D.C.1967).

■ This Court has no federal question jurisdiction in this case. Congress has explicitly declared by statute that the federal district courts "shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock." 28 U.S.C. § 1349 (1964). See also Annot., 14 A.L.R.2d 992, 1019–1024 (1950); C. A. Wright, Federal Courts § 17, at 50 n. 13 and accompanying text (1963). Since the United States does not own more than one-half the capital stock of the Disabled American Veterans, the fact that the organization was federally-chartered by an Act of Congress does not create federal question jurisdiction in the federal district courts.

■■ Nor does this Court have diversity jurisdiction in this case. For the purposes of diversity jurisdiction, a corporation is normally considered both "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c) (1964).[1] Accordingly, some federally-chartered corporations, such as the American National Red Cross, have been localized in a state by express statutory provision, e. g., 36 U.S.C. § 1 (1964), and are thus deemed to be citizens of a particular state for diversity purposes. Patterson v. American National Red Cross, 101 F.Supp. 655, 657 (S.D.Fla.1951). See also American Surety Co of New York v. Bank of California, 44 F.Supp. 81 (D.Or.1941), affirmed, 133 F.2d 160 (9th Cir. 1943).[2] Other federally-chartered corporations, such as the American Legion, have not been localized in a particular state by express statutory provision. Rather, they have been authorized by Congress to operate in each state and territory of the United States and "to establish and maintain offices for the conduct of its [their] business," without regard to any particular situs. 36 U.S.C. §§ 41, 44

(1964). The rule with regard to this second type of organization is that "A corporation created by an Act of Congress with authority to operate in a number of States is a citizen of the United States but not a citizen of any State for jurisdictional purposes under Section 1332(a) (1), 28 U.S.C." Harris v. American Legion, 162 F.Supp. 700, 705 (S.D.Ind.), affirmed, 261 F.2d 594 (7th Cir. 1958). The distinction between the "localized" federally-chartered corporation and the non-localized federal corporation is most clearly pointed out in Elwert v. Pacific First Federal Savings & Loan Assoc., 138 F.Supp. 305 (D.Or. 1956):

It appears to be now well established that a federal corporation which is organized to do business in several states is not a citizen of the state in which its principal office is located or of any other state within which it engages in its business. * * * [Citations omitted.]

The concept of these cases is well stated in the following language, appearing in First Carolinas Joint Stock Land Bank of Columbia v. New York

1. The following is the relevant part of Title 28, Section 1332 of the United States Code, the diversity jurisdiction statute:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
(1) citizens of different States;
(2) citizens of a State, and foreign states or citizens or subjects thereof; and
(3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.
* * * * *
(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business: * * *—28 U.S.C. § 1332 (1964).

2. It has been suggested by one commentator that the rule of these cases should fail

because of the 1958 amendment to 28 U.S.C., Section 1332, which provides that "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." While admitting that Section 1332 does not deal with a corporation chartered by an Act of Congress, he notes:

Some courts, reasoning along the lines set forth in the text, may find some reassurance in the statute for their position that a federal corporation which is localized in a state should be treated as a citizen of that state for diversity purposes. On the other hand, since the general purpose of the amendatory Act of 1958 was to cut down on corporate diversity, courts could conclude that they should not by judicial decision bring such federal corporations within the ambit of diversity jurisdiction, but leave the matter to Congress, if it desires that result.—1 Moore's Federal Practice ¶ 0.77 [2–4], at 717.50 n. 16 (2d ed. 1964).

Title & Mortgage Co. [59 F.2d 350 (E.D.S.C.1932).]:

"Of course it is conceded by all that the citizenship of a corporation organized under an act of Congress does not make the corporation a citizen of any state. The general rule undoubtedly is that the citizenship of a federal corporation created to operate in one or more states is national only. Such a corporation has no state citizenship for jurisdictional purposes unless Congress so enacts."

It is important to note that in each of these cases the Court was dealing with a federal corporation authorized to transact its business in several states as distinguished from a federal corporation localized to a single state.

\* \* \* \* \* \*

\* \* \* The annotators and editors of the article in 88 A.L.R., p. 874, have this comment \* \* \*:

" \* \* \* Congress, in making national banking associations citizens of the states in which they are respectively located \* \* \* evinced the policy that a corporation localized in any particular state shall be regarded as a citizen of that state; and that therefore, where by its Federal charter a corporation has its domicil fixed in any particular state, it may be regarded as a citizen of that state for the purpose of jurisdiction of Federal courts on the ground of diverse citizenship." Elwert, supra, 138 F.Supp. at 400–402.

The question becomes whether the Disabled American Veterans is a federal corporation authorized to do business in several states and having national citizenship only, or whether it was created as a federal corporation localized to a single state or territory and thus regarded as a citizen of that state for diversity purposes. An examination of the statute under which the Disabled American Veterans was chartered, 36 U.S.C. § 90a et seq. (1964), makes it very clear

that it has national citizenship only and is not to be considered a citizen of any one state. The Disabled American Veterans, like the American Legion, was "created and declared to be a body corporate," without regard to any particular situs. 36 U.S.C. § 90a (1964); 36 U.S.C. § 41 (1964). This distinguishes it from the American National Red Cross, which was "created a body corporate and politic *in the District of Columbia.*" 36 U.S.C. § 1 (1964) (Emphasis added.). The Disabled American Veterans, like the American Legion, has the "power to sue and be sued in courts of law and equity." 36 U.S.C. § 90d (1964); 36 U.S.C. § 44 (1964). This also distinguishes it from the American National Red Cross, which has the "power to sue and be sued in courts of law and equity, *State or federal, within the jurisdiction of the United States.*" 36 U.S.C. § 2 (1964) (Emphasis added.). Thus, Congress did not, as it could have, localize the Disabled American Veterans to a particular state or territory. Rather, it authorized it to transact business in several states without regard to situs. Moreover, the fact that the national headquarters of the Disabled American Veterans is in Cold Springs, Kentucky, "certainly does indicate 'localization' in the sense that term is used in the cases cited in the Elwert opinion," and thus does not create diversity jurisdiction. *Harris,* supra, 162 F.Supp. at 708. In sum, the rule of Harris v. American Legion, supra, rather than Patterson v. American National Red Cross, supra, controls in the instant case. The Disabled American Veterans is "a corporation created by an Act of Congress with authority to operate in a number of States"; it is, therefore, "a citizen of the United States but not a citizen of any State for jurisdictional purposes." *Harris,* supra, 162 F.Supp. at 705. It is a non-localized federally-chartered corporation, and there can be no diversity jurisdiction where it is involved.

Since Defendant's status as a federally-chartered corporation creates neither federal question jurisdiction, 28 U.S.C.

§ 1349 (1964), nor diversity jurisdiction, *Harris,* supra, this Court, although a federal district court, has no federal jurisdiction in this case.

"This is not the end of the matter, however, for the United States District Court for the District of Columbia is one of those unique federal courts that have a general jurisdiction in law and equity corresponding to that of the state courts with respect to matters which in a state would be reviewed by a state court." Vogel v. Tenneco Oil Co., supra, 276 F.Supp. at 1010 [Footnotes omitted.].[3] See also, e. g., Western Urn Mfg. Co. v. American Pipe & Steel Corp., 109 U.S.App.D.C. 145, 147–148, 284 F.2d 279, 281–282 (1960). Thus, this Court may have jurisdiction in this case only by virtue of the local jurisdictional statute, D.C.Code § 11–521 (1967), as alleged by Plaintiff in his amended complaint. In this connection, it has been held that all aspects of local jurisdiction, including venue, are governed by local statute and, specifically, that the federal venue statute has no application where jurisdiction is alleged under provisions of the District of Columbia Code. *Vogel,* supra, 276 F.Supp. at 1011–1012.[4] The rationale is undoubtedly that since the relevant federal venue statute provides that an action may be transferred only to a district "where it might have been brought," 28 U.S.C. § 1404(a), and since actions brought only under the local jurisdictional statute could not have been brought in any federal district court other than the one in the District of Columbia, there is no federal district court in the country to which this action might be transferred under 28 U.S.C., Section 1404(a).

Concluding that this Court is without authority under 28 U.S.C., Section 1404 (a) to transfer this action to any other district court, it is this 18th day of November, 1968,

**3.** See Vogel v. Tenneco Oil Co., 276 F. Supp. 1008, 1010 nn. 10, 11 (D.D.C. 1967), and cases cited therein.

Ordered that Defendant's Motion for a Change of Venue to the United States District Court for the Northern District of Illinois be and is hereby denied.

**4.** See *Vogel,* supra at 1011 n. 4, and cases cited therein.