**EAST TENNESSEE RESEARCH CORP., et al., Plaintiffs,**

v.

**TENNESSEE VALLEY AUTHORITY et al., Defendants.**

**Civ. A. No. 75–2051.**

United States District Court, District of Columbia.

June 28, 1976.

Neil G. McBride, Jacksboro, Tenn., John T. Schell, Washington, D. C., for plaintiffs.

Herbert S. Sanger, Jr., Knoxville, Tenn., for defendants.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1970), *as amended,* (Supp. IV, 1974). The plaintiffs are an individual person and two citizen groups, all from Tennessee. The defendants are the Tennessee Valley Authority ("TVA"), a federal government corporation based in Knoxville, Tennessee, and R. Lynn Seeber, the corporation's general manager, who lives and works in Tennessee also.

The defendants have moved for dismissal of this suit on two grounds: (1) that they are not amenable to service of process by the U.S. District Court for the District of Columbia, and (2) that, assuming they can be served, they have not been served in an authorized manner. For the reasons which follow, the Court concludes that the defendants are wrong on both counts.

### I

Rule 4(f) of the Federal Rules of Civil Procedure provides that:

[a]ll process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state.   .   .   .

The Court assumes, and the plaintiffs do not dispute, that the TVA, and therefore Mr. Seeber, are not amenable to service within the District of Columbia itself. Cf. *Fehlhaber Pile Co. v. TVA,* 81 U.S.App.D.C.

124, 155 F.2d 864 (1946). Rather, the plaintiffs argue that a statute of the United States, 5 U.S.C. § 552(a)(4)(B) (Supp. IV, 1974), authorizes extraterritorial service on the TVA in FOIA cases. That section provides that:

[o]n complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, *or in the District of Columbia,* has jurisdiction to enjoin [an agency subject to the Act]   .   .   .   .
[emphasis added]

Congress in 1974 specifically added the District of Columbia District Court to the list of possible forums in which a complainant might bring an FOIA action. Pub.L. No. 93–502, § 1(b)(2) (Nov. 21, 1974), *amending* 5 U.S.C. § 552(a)(3) (1970). The reason for this was two-fold: (1) to give a plaintiff an opportunity to put his case before a court which has "substantial expertise" in working with the Act, and (2), "since attorneys in the Justice Department in Washington, D. C., will have been involved in initial FOIA determinations at the administrative level," to provide a forum that would be convenient to the defendant government as well. S.Rep. No. 854, 93d Cong., 2d Sess., 12–13 (1974).

The first of these reasons obviously will not diminish in importance depending on the particular defendant; its focus is on the forum itself. The second loses all its force, however, when the TVA is the defendant, since the corporation neither is represented by nor confers with the Justice Department on FOIA matters; the TVA's own attorneys in Knoxville, Tennessee, do this work. It is possible, therefore, that Congress might have intended that this portion of § 552(a)(4)(B) not apply where the TVA was the defendant.

But the TVA has not cited any language in the statute or any legislative history which would support this possibility. In this circumstance, given that the TVA is in general subject to the FOIA like any other governmental "agency," 5 U.S.C.

§ 552(e) (Supp. IV, 1974), Congress's failure specifically to exempt the TVA in § 552(a)(4)(B) leads this Court to suspect that Congress meant the TVA to be subject to it. This silence is especially meaningful when it is considered that at the same time that Congress amended the FOIA to add this District Court as a possible forum in FOIA suits, it also amended the Act to make certain that the TVA would be subject to it. 5 U.S.C. § 552(e) (Supp. IV, 1974); H.R.Rep. No. 876, 93d Cong., 2d Sess., 8 (1974), U.S.Code Cong. & Admin. News 1974, p. 6267. This Court must presume, in deference to a coequal branch of government, that Congress's left hand knew what the right was doing.

■ The Court concludes that § 552(a)(4)(B) gives plaintiffs in FOIA suits against the TVA the right to sue in this District Court. This necessarily implies that the TVA is amenable to extraterritorial service of process by this Court.

## II

Process was served on an appointed agent of both of the defendants by a deputy U.S. marshal in Tennessee. The defendants argue that this manner of service is not authorized by law.

■ It is not clear whether this question is governed by 28 U.S.C. § 1391(e) (1970), concerning service on "officers" and "agencies" of the United States, or by the more general Rule 4(e) of the Federal Rules of Civil Procedure. But that question need not be answered here, since both provisions allow service by the method prescribed in Rule 4(d) of the Federal Rules. Both Rule 4(d)(3), which through Rule 4(d)(5) governs service on a federal corporation, and Rule 4(d)(1), which governs service on an individual, clearly authorize personal service as accomplished in this case. The Court therefore concludes that service was properly effected.

## III

Accordingly, it is this 28th day of June, 1976,

ORDERED that the motion to dismiss of the defendants Tennessee Valley Authority and R. Lynn Seeber be, and the same hereby is, denied.