Herbert S. Sanger, Jr., James E. Fox, Justin M. Schwamm, Sr., Robert C. Glinski, Tennessee Valley Authority, Knoxville, Tenn., for defendant.

**Clifford W. MURPHY, Trustee of American Drilling Service Company Liquidating Trust, Plaintiff,**

v.

**TENNESSEE VALLEY AUTHORITY, Defendant.**

**Civ. A. No. 82–3483.**

United States District Court, District of Columbia.

March 31, 1983.

## MEMORANDUM ORDER

CHARLES R. RICHEY, District Judge.

This matter is before the Court on Defendant's Motion to Quash Service of Process and to Dismiss Complaint. Defendant contends that this Freedom of Information Act ("FOIA") action should be dismissed because the Court lacks personal jurisdiction over the defendant and because this Court has no authority to provide for extra-territorial service upon the defendant. The Court disagrees.

The FOIA, 5 U.S.C. § 552(a)(4)(B), provides, *inter alia,* that:

On complaint, *the district court of* the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in *the District of Columbia, has jurisdiction* to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. (Emphasis added).

Defendant, the Tennessee Valley Authority ("TVA"), contends that this is merely a venue provision and therefore, the District of Columbia ("D.C.") only has jurisdiction over cases brought under this provision if it is independently able to obtain jurisdiction over the defendant.

Defendant's interpretation is in direct conflict with the plain meaning of the statute which states that it confers *jurisdiction* upon this Court. Moreover, defendant's interpretation of § (a)(4)(B) is not logical. The question of venue only arises once it has been determined that personal jurisdiction lies. *See* 1 *J. Moore Federal Practice* ¶ 0.140[1.–1] at 1307 (1982). It follows that where there is venue, there must be personal jurisdiction. Therefore, to say that the statute provides venue only where personal jurisdiction already exists, is to declare the statute a nullity.

Defendant's view is not only illogical but it is also inconsistent with the legislative history of the FOIA section at issue here. In 1974 Congress amended the FOIA in several respects. At that time, Congress both added the D.C. District Court as a possible forum (§ 552(a)(4)(B)) and made the statute applicable to the TVA (§ 552(e)). Pub.L. 93–502, 88 Stat. 1561. *See* S.Rep. No. 854, 93d Cong., 2d Sess. 12–13, 36–37 (1974); H.Rep. No. 876, 93d Cong., 2d Sess. 8–9 (1974); Sen.Conf.Rep.

No. 1200, 93d Cong., 2d Sess. 3, 10, *reprinted in* [1974] U.S.Code Cong. & Ad.News 6267, 6285, 6293. The fact that both of these amendments were enacted at the same time creates a strong presumption that Congress intended FOIA actions against the TVA to be maintainable in the District of Columbia.[1]

By conferring jurisdiction upon this Court over FOIA suits against the TVA, Congress must have intended to invest the Court with powers of extra-territorial service and personal jurisdiction necessary to effectuate its jurisdiction.[2] *See East Tennessee Research Corp. v. Tennessee Valley Authority,* 416 F.Supp. 988, 990 (D.D.C. 1976) (but note caveat in n. 1 *supra*).

Accordingly, the Court holds that it does have jurisdiction over this action and, it is, by the Court, this 31 day of March, 1983 hereby,

ORDERED that Defendant's Motion to Quash Service of Process and To Dismiss Complaint is denied; and it is further,

ORDERED that Defendant shall file its answer to plaintiff's complaint within twenty (20) days of the date hereof; and it is further,

ORDERED that Defendant shall file its opposition, if any, to Plaintiff's Motion for an Order Compelling Defendant to Itemize and Index Documents Requested Pursuant to the Freedom of Information Act within ten (10) days of the filing of its answer.

---

1. Both this conclusion and the Court's ultimate ruling on this motion are consistent with the holding of The Honorable John J. Sirica, District Judge, in *East Tennessee Research Corp. v. Tennessee Valley Authority,* 416 F.Supp. 988 (D.D.C.1976). Although that decision is not binding precedent, since it was vacated when the plaintiff decided to dismiss that case, 424 F.Supp. 1329 (D.D.C.1976), this Court finds the logic and reasoning of that opinion to be highly persuasive.

2. Defendants admit that they were personally served with a copy of the complaint in this action. Thus, there is no question as to the fact of service.