James C. JONES, Plaintiff,

v.

UNITED STATES NUCLEAR REGULATORY COMMISSION, Defendant.

James C. JONES, Plaintiff,

v.

TENNESSEE VALLEY
AUTHORITY, Defendant.

Civ. A. Nos. 86–3153, 86–3154.

United States District Court,
District of Columbia.

Feb. 18, 1987.

Lynne Bernabei, Debra Katz, Newman, Sobol, Trister & Owens, Washington, D.C., for plaintiff.

Nathan Dodell, Asst. U.S. Atty. Civ. Div., Carolyn F. Evans, Office of General Counsel, U.S. Nuclear Regulatory Com'n, Washington, D.C., for U.S. Nuclear Regulatory Com'n.

James E. Fox, Deputy Gen. Counsel, Justin M. Schwamm, Sr., Robert C. Glinski, Asst. Gen. Counsels, A. Jackson Woodall, Tennessee Valley Authority, Knoxville, Tenn., for Tennessee Valley Authority.

ORDER

JOYCE HENS GREEN, District Judge.

Tennessee Valley Authority (TVA), defendant in Civil Action No. 86–3154, moves to quash service of process on it and to dismiss plaintiff's complaint on the ground that it is not subject to extraterritorial service of process and thus that this court lacks personal jurisdiction over it. For the reasons set forth briefly below, TVA's motion will be granted.

In this consolidated action, plaintiff seeks documents related to investigations conducted by both TVA and the Nuclear Regulatory Commission (NRC) into intimidation and harassment of employees at TVA's nuclear power plants. In particular, plaintiff seeks information concerning an investigation by a TVA contractor into harassment of plaintiff himself, a management-level TVA nuclear engineer who disclosed safety problems in the Authority's nuclear program. Plaintiff brought separate actions under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, against both TVA and the NRC, which this court consolidated upon plaintiff's motion. TVA now moves to dismiss for lack of personal jurisdiction.

In 1974, Congress made two separate amendments to FOIA. The first gave this court jurisdiction over all suits brought under the Act and made this district a proper forum for venue purposes. Thus, section 552(a)(4)(B) provides that:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

The second amendment clarified Congress' intent that TVA, which is a wholly-owned federal corporation, is subject to FOIA. *See* section 552(e) ("[f]or purposes of this section, the term 'agency' ... includes any ... Government corporation [or] Government controlled corporation....").

 TVA is, of course, a creature of federal statute, the TVA Act, which provides that it is "an inhabitant and resident of the northern judicial district of Alabama within the meaning of the laws of the United States relating to venue of civil suits." 16 U.S.C. § 831g(a). Under the Act, TVA handles all of its own litigation independently and is not represented by the Department of Justice as are federal agencies. *See, e.g., Cooper v. TVA*, 723 F.2d 1560 (Fed.Cir.1983). Indeed, "TVA operates in much the same way as an ordinary business corporation, under the control of its directors in Tennessee, and not under that of a cabinet officer or independent agency headquartered in Washington." *Natural Resources Defense Council, Inc. v. TVA*, 459 F.2d 255, 257 (2d Cir.1972). As a result, courts have held that the federal venue statute which specifically authorizes extraterritorial service on federal agencies in mandamus actions, 28 U.S.C. § 1391(e), is inapplicable to TVA, *id.; Environmental Defense Fund v. TVA*, No. 71–1615 (D.D.C. Oct. 13, 1971), and, in a subsequent amendment to that statute, Congress ratified that determination. *See* 122 Cong.Rec. 33,454 (1976) (remark of Sen. Kennedy) (amendment of mandamus statute would not affect TVA Act, which contemplates that "because of TVA's status and purposes, venue and service of process be ... restricted"); *see also* H.R.Rep. No. 1656, 94th Cong., 2d Sess. 3, 18 (1976) U.S.Code Cong & Admin. News 1976, pp. 6121, 6123 (TVA Act "has intended consequences such as the restriction of venue or service of process").

Section 552(a)(4)(B) of FOIA gives this court subject matter jurisdiction over all actions brought under the Act, and makes this an appropriate forum for venue purposes. It says nothing at all about service of process or personal jurisdiction, nor does any other provision of the Act or the Privacy Act. That of course is not a problem when the defendant is a government agency, since many agencies are headquartered or otherwise present here, and those that are not are subject to extraterritorial ser-

vice of process in mandamus actions under 28 U.S.C. § 1391(e). Here, however, plaintiff predicates personal jurisdiction on neither the federal venue statute nor TVA's presence in this district. Rather, plaintiff claims that by simultaneously making TVA subject to FOIA and giving this court jurisdiction over such actions, Congress necessarily intended that TVA would be subject to this court's process in FOIA suits. Although two other judges of this court have accepted this argument, *Murphy v. TVA*, 559 F.Supp. 58 (D.D.C.1983); *East Tennessee Research Corp. v. TVA*, 416 F.Supp. 988 (D.D.C.), *orders vacated and case dismissed*, 424 F.Supp. 1329 (D.D.C.1976), this court declines to follow those decisions here.

 Subject matter jurisdiction, venue, personal jurisdiction and service of process are related but independent concepts, and "all four requirements must be satisfied in every case." 4 C. Wright & A. Miller, Federal Practice and Procedure § 1063 (1969). It is well-settled both that a federal court may not enter a valid judgment without jurisdiction over the defendant's person, *id.*, and that "the presence of venue does not dispense with the necessity for service in order to acquire personal jurisdiction." *Rabiolo v. Weinstein*, 357 F.2d 167, 168 (7th Cir.1966). It follows, therefore, that section 552(a)(4)(B), which establishes venue for FOIA actions in this district, does not by itself give this court personal jurisdiction over TVA. As the federal statute providing for extraterritorial service of process in mandamus actions does not apply to TVA, the sole basis for a finding of personal jurisdiction here is the notion that section 552(a)(4)(B), coupled with the amendment that included federal corporations among the federal agencies subject to FOIA's provision, *implicitly* made such corporations subject to nationwide service of process in FOIA actions. No one has suggested, however, that the inclusion of corporations such as TVA among the entities subject to FOIA and the creation of venue in this district were in any way linked. Indeed, the two amendments originated in different houses of Congress. The fact that they were passed at approximately the same time could just as likely indicate that Congress intended to allow plaintiffs to bring FOIA actions against the federal agencies in this district, where a great many of them are to be found anyway, while allowing such suits to proceed against corporations such as TVA in the districts where they are otherwise subject to service of process. Congress has the power to provide that the process of every district court is valid in all other districts, *Robertson v. Railroad Labor Board*, 268 U.S. 619, 622, 45 S.Ct. 621, 622, 69 L.Ed. 1119 (1925), and it has exercised that power on occasion. *See* 28 U.S.C. § 2361; 15 U.S.C. §§ 5, 22; 15 U.S.C. § 78aa; 28 U.S.C. § 1391(e); 42 U.S.C. § 2210(n)(2). The general rule, however, is that a court's process is valid only in the district within which it sits, Fed.R.Civ.P. 4(f), and "[i]t is not lightly to be assumed that Congress intended to depart from a long established policy." *Robertson*, 268 U.S. at 627, 45 S.Ct. at 624. In *Robertson*, the Supreme Court held that a congressional grant of nationwide venue did not carry with it an implicit grant of nationwide service of process. So too here, the designation of this district as an appropriate forum for venue purposes in FOIA suits should not, without more, confer on this court the extraordinary power to issue nationwide service against all entities subject to that statute. Congress knows how to provide for such service when it wants to, and it did not do so here. Indeed, Congress has made clear that the venue statute that permits such process against federal agencies does not apply to TVA. Given then that Congress has consistently restricted service of process as to TVA, that this court's service, like all others, is generally limited, and that extraterritorial service is an exception to this general rule which is not to be lightly implied, this court concludes that extraterritorial service of this court's process on TVA does not confer upon it personal jurisdiction over the defendant in this FOIA action.

Plaintiff of course remains free to pursue this action against TVA in an appropriate forum. On the present facts of this case, however, this court is not such a forum. Accordingly, it is this 18th day of February, 1987

ORDERED that Civil Action No. 86–3154 be and it hereby is dismissed without prejudice for lack of personal jurisdiction; and it is

FURTHER ORDERED that plaintiff's motion to compel preparation of a *Vaughn* index and TVA's motion for a protective order be and they hereby are denied as moot.

SO ORDERED.