Anna M. CARROLL, et al., Plaintiffs,

v.

TENNESSEE VALLEY AUTHORITY, et al., Defendants.

Civ. A. No. 87-1957.

United States District Court,
District of Columbia.

March 7, 1988.

Lynne Bernabei, Debra Katz, Bernabei & Katz, Washington, D.C., for plaintiffs.

Justin M. Schwamm, Sr., Thomas F. Fine, Helen de Haven, T.V.A., Knoxville, Tenn., for defendants.

ORDER

JOYCE HENS GREEN, District Judge.

Although cigarette packages have carried the Surgeon General's admonition about the hazards of smoking for several decades, the effects of "passive" or "involuntary" smoking on nonsmokers have only recently been documented.[1] This lawsuit, filed by plaintiffs Anna and Ernest Carroll, seeks declaratory, injunctive and monetary relief for defendants' failure to maintain a smoke-free work environment and for defendants' response to plaintiff Anna Carroll's concerns about her sensitivity to cigarette smoke. Defendants have filed a motion to dismiss or, in the alternative, for summary judgment; plaintiffs have opposed that motion. For the reasons set

1. Although the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. §§ 1331-39, required manufacturers to carry the Surgeon General's warning as early as 1965, the Surgeon General's annual report on smoking did not discuss passive smoking until 1972. *See* Public Health Service, Department of Health, Education and Welfare, *The Health Consequences of Smoking* 101-35 (1972).

forth below, defendants' motion is granted in part and denied in part.

## I. *Background*

Plaintiff Anna Carroll is currently employed in the Washington, D.C. office of defendant Tennessee Valley Authority (TVA). Plaintiff[2] has worked in TVA's Washington office for fifteen years and has served as the agency's Washington Affairs Coordinator since 1983. The complaint alleges that TVA's Washington office is small and poorly ventilated, that plaintiff shared office space with co-workers who smoked and that visitors to the office often smoked in a conference room adjacent to plaintiff's work area. In early 1985, plaintiff began experiencing problems with her breathing and, after consulting several doctors who warned her against further exposure to tobacco smoke, she submitted several written requests for a smoke-free work environment to her supervisor, Kenneth Gray, the head of TVA's Washington office. The complaint further contends that Gray ignored her requests, as well as recommendations from other TVA officials, to ensure a smoke-free workplace, told plaintiff's fellow workers about her smoke complaints, failed to carry out TVA guidelines on smoking in the workplace, retaliated against plaintiff by giving her poor performance ratings and verbally harassed her in front of her co-workers.

Plaintiff brought this suit against TVA, its Chairman, Charles H. Dean, its Director, John B. Waters, Jr., and Kenneth E. Gray. Specifically, plaintiff alleges that (1) defendants' failure to maintain a smoke-free work environment violated the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 & 794, amounted to common law negligence and negligence *per se* and constituted a breach of her employment contract;[3] (2)

the harassment and intimidation she endured constitutes intentional infliction of emotional distress; and (3) the dissemination of material in plaintiff's personnel file concerning her medical condition violated the Privacy Act, 5 U.S.C. § 552a(b), and the First, Fourth and Fifth Amendments to the Constitution. As relief, plaintiff seeks a declaratory judgment that defendants' actions contravened the Rehabilitation Act, an injunction ordering defendants to reasonably accommodate plaintiff's handicap (respiratory and lung ailments), and compensatory and punitive damages.

In response, defendants claim that this Court does not have personal jurisdiction over defendants Dean and Waters; that plaintiff has sued the wrong parties in her Privacy and Rehabilitation Act claims; that the Federal Employees' Compensation Act, 5 U.S.C. §§ 8101 *et seq.*, bars recovery in this case; and that plaintiff's common law tort claims may not be pressed against federal officials and are barred by the doctrine of official immunity. The Court addresses these claims seriatim.

## II. *Analysis*

### A. Personal Jurisdiction

■ Defendants first contend that this Court lacks personal jurisdiction over defendants Dean and Waters, the current members of TVA's Board of Directors, with respect to plaintiff's Rehabilitation Act claim.[4] Although admitting that Dean and Waters were properly served by certified mail at their offices in Knoxville, Tennessee, defendants argue that, because all of the acts alleged in the complaint took place in the District of Columbia, this Court may not effect extraterritorial service of process absent a statute authorizing it to

---

**2.** In view of the fact that plaintiff Ernest Carroll's claims are entirely derivative of those asserted by his wife, Anna Carroll, the Court will hereafter refer to plaintiffs as "plaintiff" unless otherwise noted.

**3.** As plaintiff has since withdrawn her breach of contract cause of action, *see* Opposition at 11 n. 3, that claim will be dismissed.

**4.** Although the Board normally has three members, *see* 16 U.S.C. § 831a(a), it was composed of only Dean and Waters at the time this suit was initiated.

do so.[5]

Plaintiff first relies on the provisions of the Rehabilitation Act to support personal jurisdiction. Section 505 of the Act, 29 U.S.C. § 794a(a)(1), provides that the procedures set forth in the civil Rights Acts of 1964, 42 U.S.C. § 2000e *et seq.*, govern Rehabilitation Act claims. Plaintiff and defendant dispute whether personal jurisdiction is proper under Section 706 of the Civil Rights Act, 42 U.S.C. §§ 2000e–5(f)(3), which provides that

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

This provision does not, however, deal with *personal* jurisdiction.[6] The first sentence of Section 706 empowers federal district courts to hear Title VII and Rehabilitation Act actions and thus confers subject matter jurisdiction over these claims. The second and third sentences specify *where* actions may be brought; they are classic venue provisions. Accordingly, although subject matter jurisdiction and venue may be predicated on 42 U.S.C. § 2000e–5(f)(3), personal jurisdiction may not.

Plaintiff also claims that extraterritorial service is proper under 28 U.S.C. § 1391(e), which provides that, in suits against federal agencies or federal officers acting in their official capacity, "delivery of the summons and complaint to the officer or agency as required by the rules may be made by certified mail beyond the territorial limits of the district in which the action is brought." Defendants argue that plaintiff's claim is foreclosed by the decision in *Jones v. United States Nuclear Regulatory Commission,* 654 F.Supp. 130 (D.D.C. 1987), where this Court held that extraterritorial service of process was not proper against TVA under 28 U.S.C. § 1391(e) in a Freedom of Information Act suit. That decision does not sweep as broadly as defendants would have it, however. Although recognizing that other courts had held that 28 U.S.C. § 1391(e) is inapplicable to TVA, 654 F.Supp. at 131, and noting that "the designations of this district as an appropriate forum for venue purposes in FOIA suits should not, without more, confer on this court extraordinary power to issue nationwide service against all entities subject to that statute," *id.* at 132, this Court also observed that a defendant's presence in the District of Columbia would suffice to confer personal jurisdiction. Thus, after pointing out that the FOIA statute did not mention service of process or personal jurisdiction, the Court stated that "[t]hat of course is not a problem when the defendant is a government agency, since many agencies are headquartered *or otherwise present here,*" *id.* at 131 (emphasis added), and noted that plaintiff was seeking to rest personal jurisdiction "on neither the federal venue statute nor

---

5. Defendants also assert that the complaint is defective under Local Rule 106(b) because it fails to show the official addresses of Dean and Waters in its caption. Motion to Dismiss at 5–6. In view of the fact that the only remedy provided by the Local Rules for nonconforming papers is that they not be accepted for filing, *see* Rule 106(h), defendants' argument—whatever its validity—is now moot.

6. Our court of appeals has noted that "questions of service of process, subject matter jurisdiction, and personal jurisdiction are invariably intertwined and, hence, frequently confused." *FTC v. Compagnie De Saint–Gobain–Pont–A–Mousson,* 636 F.2d 1300, 1318 (D.C.Cir.1980).

TVA's presence in this district." Here, by contrast, *all* of the actions challenged in this suit took place in the District of Columbia, where TVA maintains an office with 13 employees. This case is therefore a far cry from *Jones*, where the plaintiff sought access to documents contained in TVA's Tennessee headquarters. Accordingly, this Court may properly assert personal jurisdiction over defendants Dean and Waters based on TVA's presence in this district.[7]

### B. Proper Parties

Defendants point out that, under 5 U.S.C. §§ 552a(g)(1) and 552a(e), a Privacy Act lawsuit may only be brought against the federal agency that has allegedly disclosed records in an improper manner. Plaintiff agrees with this contention, *see* Opposition at 15–6, as does the Court. Accordingly, Count VI will be dismissed insofar as it pertains to defendants Dean, Waters and Gray. Similarly, because Rehabilitation Act claims must be brought only against the heads of TVA, Dean and Waters (*see* note 7), Count I will be dismissed as to defendants TVA and Gray.

### C. Federal Employees' Compensation Act

■ In Counts II, III and IV, plaintiff asserts tort claims of intentional infliction of emotional distress, negligence and negligence *per se* against defendant TVA.[8] Defendants assert that these claims are barred by the Federal Employees' Compensation Act (FECA), 5 U.S.C. §§ 8101 *et seq.*, which provides a comprehensive and exclusive remedy for federal employees who suffer work-related "injury or death." 5 U.S.C. § 8116(c).[9] Because "injury" is defined to include, "in addition to injury by acci-

dent, a disease proximately caused by the employment," 5 U.S.C. § 8101(5), plaintiff concedes that FECA provides the sole and exclusive remedy for her chronic lung disease. *See* Opposition at 16. She maintains, however, that FECA does not preclude recovery for noneconomic losses, such as mental anguish, emotional pain and suffering and loss of consortium.

The Court agrees with defendants' argument as to plaintiff's negligence and negligence *per se* causes of action and, accordingly, these claims must be dismissed. To the extent that FECA applies, plaintiff "cannot recover from the United States for losses such as pain and suffering that are not compensated under FECA." *United States v. Lorenzetti*, 467 U.S. 167, 169, 104 S.Ct. 2284, 2286, 81 L.Ed.2d 134 (1984). Here, Counts III and IV seek to impose liability on TVA for its failure to maintain a smoke-free work environment; those claims are clearly "work-related injuries" to which FECA's exclusivity provision applies. *Id.* And plaintiff may not avoid the exclusivity provision by arguing that she seeks to recover for noneconomic losses rather than economic compensation for, "if the injury itself comes within the coverage formula, an action for damages is barred even although the particular element of damage is not compensated for." 2A A. Larson, *The Law of Workman's Compensation* § 65.00 (1987).

■ Plaintiff's claim for intentional infliction of emotional distress stands on a different footing, however. Several courts have recognized that claims for intentional infliction of emotional distress fall outside the scope of FECA, *see* cases cited at page 17 of Opposition, and defendants essentially admit as much.[10] Rather, they assert

---

7. Although defendants assert that Dean and Waters committed no acts in the District of Columbia, *see* Motion to Dismiss at 7, they also concede that Rehabilitation Act claims must be filed against the "head" of the agency under 42 U.S.C. § 2000e–16(c), *id.* at 10, which in this case is defendants Dean and Waters. *See* 16 U.S.C. § 831a(g).

8. Plaintiff does not seek recovery against defendant Gray on these claims, *see* Opposition at

18 n. 10, nor against defendants Dean and Waters. *Id.* at 13 n. 6.

9. It is undisputed that FECA covers injuries sustained by TVA employees. *See* 5 U.S.C. § 8101(1)(A); *McBride v. TVA*, 395 F.Supp. 1181, 1183 (E.D.Tenn.1974), *aff'd*, 513 F.2d 632 (6th Cir.1975).

10. "Defendants concede that the weight of authority is in favor of permitting such claims

that Count II is barred by the doctrine of official immunity announced in *Barr v. Mateo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), because defendant Gray was acting within the scope of his official duties and is therefore absolutely immune from suit for actions arising out of those duties. It is well-settled, however, that absolute immunity exists only when federal officials engage in "discretionary activity within the outer perimeter of their line of duty," *Martin v. D.C. Metropolitan Police Department*, 812 F.2d 1425, 1428 (D.C.Cir.), *vacated in part*, 817 F.2d 144 (D.C.Cir.1987). As defendants have moved for summary judgment on this claim, plaintiff has the burden to " 'set forth *specific facts* showing that there is a genuine issue for trial.' " *Id.* at 1430 (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1968)) (emphasis added).

Plaintiff claims that defendant Gray had a mandatory duty to implement TVA's policies with respect to smoking in the workplace and has set forth "specific facts" that would justify a hearing on the scope of Gray's discretion in this matter. For example, responding to plaintiff's complaints, TVA's General Counsel sent a memorandum to Gray stating that "[n]o manager has authority to not apply or relax the TVA smoking rules that were established for agency-wide application.... The rules controlling smoking apply to and are to be enforced as to all who are on TVA premises." Plaintiff's Opposition, Ex. 2. Another memorandum, from G.F. Stone, TVA's Director of Occupational Health and Safety, directed Gray to "strictly adher[e] to the TVA Smoking Policy." *Id.* Ex. 3. Thus, even at this stage of the litigation, plaintiff has offered concrete evidence from which it might be concluded that Gray's duties in the area of smoking were mandatory in nature. *See, e.g., Andrews v. Benson*, 809 F.2d 1537, 1542–43 (11th Cir. 1987) (holding that TVA supervisors had nondiscretionary duty to insure daily enforcement of OSHA standards and TVA regulations).[11]

Moreover, absolute immunity does not attach when officers act beyond the "outer perimeter of their line of duty"; the court of appeals has drawn this line at those acts " 'having more or less connection with the general matters committed by law to his control or supervision.' " *Martin*, 812 F.2d at 1429 (*quoting Spalding v. Vilas*, 161 U.S. 483, 498, 16 S.Ct. 631, 637, 40 L.Ed. 780 (1896)). A brief perusal of defendant Gray's job description, *see* Motion to Dismiss, Ex. 1, reveals that the kind of harassment and intimidation of employees alleged in the complaint has no connection to his duties and responsibilities. Accordingly, plaintiff is entitled to a hearing on this issue as well, and defendants' motion for summary judgment will be denied.[12]

---

despite the availability of a FECA remedy." Reply at 9.

**11.** Although not decided at the time this motion was briefed, *Westfall v. Erwin*, — U.S. —, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), does not alter this conclusion. In *Westfall*, the Supreme Court squarely rejected the Government's argument that (1) the doctrine of official immunity be extended to cover *any* conduct falling within the scope of a federal employee's official duties and (2) even if discretion is required, immunity attaches so long as the challenged action is not mandated by law. *See* 108 S.Ct. at 583–85.

**12.** Defendants also cite a trilogy of Supreme Court cases to support their view that Count II should be dismissed. Defendants first contend that the decision in *Hancock v. Train*, 426 U.S. 167, 96 S.Ct. 2006, 48 L.Ed.2d 555 (1976), precludes plaintiff's state law claims. That argument is completely untenable. In *Hancock*, the Court considered whether the Supremacy Clause permitted a state to compel a federal installation to secure a state air pollution permit when federal law did not impose such a requirement. That case involved "principles shielding federal installations and activities from regulation by the States," *id.* at 179, 96 S.Ct. at 2013; it did not deal with the question whether federal employees could bring state law tort claims against their employers.

In addition, citing *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), defendants rather casually assert that "[t]he Federal statutes here all provide exclusive remedies for the injuries within their scope." Motion to Dismiss at 18. The cases referred to in *Brown*, however, all involved the clash of specific and detailed statutes. *See id.* at 834–35, 96 S.Ct. 1968–69. As noted above, however, the great weight of authority recognizes that FECA does not bar claims for intentional infliction of emotional distress.

 

### D. Constitutional Claim

Count VII of the amended complaint asserts that defendants TVA and Gray violated plaintiff's rights under the First, Fourth and Fifth Amendments by disseminating personal and private information from her files to fellow TVA employees. Relying on *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), defendants contend that plaintiff has failed to demonstrate that the existing statutory remedy (the Privacy Act) would not adequately address her injuries. *See* Reply Brief at 12–13. Aside from the fact that they have somewhat disingenuously raised this issue for the first time in their reply brief, defendants ignore that it is *they* who bear the burden of showing that "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which will entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Because dismissals for failure to state a claim are viewed with disfavor and rarely granted, *see Doe v. United States Department of Justice,* 753 F.2d 1092, 1102 (D.C.Cir.1985), this Court will not—based solely on defendants' assertion that Count VII is "an afterthought" (Reply Brief at 13)—dismiss that claim.[13]

### III. *Conclusion*

Accordingly, for the reasons set forth above, it is

ORDERED that defendants' motion to dismiss is granted as to the following defendants:

(1) *Count I:* as to TVA and Gray;

(2) *Counts II and VI:* as to Gray, Dean and Waters;

(3) *Counts III, IV and V:* as to all defendants;

(4) *Count VII:* as to Dean and Waters; it is

FURTHER ORDERED that defendants' motion to dismiss is denied in all other respects; and it is

FURTHER ORDERED that the parties shall attend a status conference on March 23, 1988, at 9:15 a.m. in Courtroom 18.

---

Thus, the dicta in *Brown* cited by defendants is inapplicable to this case.

Finally, defendants maintain that recovery is unavailable under *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), because of the special employment relationship between the federal government and its employees. Unlike *Bush*—which refused to imply a new constitutional damages claim for employees whose First Amendment rights are violated by their superiors—plaintiff's attempt to recover for intentional infliction of emotional distress involves a familiar tort cause of action. More significantly, FECA does not, as courts have recognized, in any way redress the intentional injuries alleged in this suit.

13. This disposition does not, of course, preclude defendants from moving for summary judgment on this claim at some future date. *See* Reply Brief at 12 n. 6.