**J. Jesus AREVALO–FRANCO,**
**Plaintiff–Appellant,**

v.

**U.S. IMMIGRATION AND NATURALIZATION SERVICE,**
**Defendant–Appellee.**

No. 88–1812.

United States Court of Appeals,
Fifth Circuit.

Dec. 5, 1989.

Peter D. Williamson, Houston, Tex., Paul Parsons, Austin, Tex., for plaintiff-appellant.

LeRoy Morgan Jahn, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., Katherine L. Smith, Asst. U.S. Atty., Austin, Tex., for defendant-appellee.

Before GARZA, REAVLEY, and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

When the Immigration and Naturalization Service (INS) failed to respond to his request for records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, J. Jesus Arevalo–Franco sought judicial enforcement of the FOIA in the district court for the Western District of Texas. Arevalo's complaint had the desired effect; the records he requested were made available and Arevalo moved to dismiss his suit but sought court costs and attorney's fees. The district court dismissed Arevalo's complaint, holding that the court lacked subject

matter jurisdiction. We vacate and remand.

## Background

In January 1988 when Arevalo filed his FOIA complaint seeking release of certain INS records he was an undocumented alien seeking to legalize his immigration status based on his marriage to a United States citizen. The American authorities in Monterrey, Mexico who were processing his visa application required proof that he had never been deported from the United States. The INS had possession of the information Arevalo needed and he made an FOIA request for a copy of his INS file. Months passed and Arevalo received no response. After exhausting administrative appeals Arevalo filed the instant FOIA complaint in the Western District of Texas where he claimed to reside. Jurisdiction is established by 5 U.S.C. § 552(a)(4)(B) which provides that such complaints may be filed in the district court for the district in which the complainant resides or has his principal place of business, in the district where the records are located, or in the District of Columbia.

After the suit was filed the INS located Arevalo's files and it made the requested records available. Upon receipt of the records Arevalo moved to dismiss his suit as moot and sought attorney's fees and court costs. The district court recognized that despite a dismissal of the suit on the basis of mootness it would still be empowered to consider an award of attorney's fees. *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir.1978), and progeny. However, the court proceeded to read federal venue statutes *in pari materia* with 5 U.S.C. 552(a)(4)(B) and concluded that it lacked subject matter jurisdiction. Citing venue statutes 28 U.S.C. §§ 1391 and 1402(a), and *Williams v. United States*, 704 F.2d 1222 (11th Cir.1983), the district court concluded that "as a general rule, aliens are presumed by law not to reside in any judicial district of the United States regardless of where the alien actually lives." In dismissing Arevalo's complaint the district court concluded that "a federal district court in Chicago (where the requested records were

situated) or the District of Columbia would have had jurisdiction to resolve this controversy," but that Arevalo had failed to demonstrate that the district court in the Western District of Texas had jurisdiction because he had "not shown that the jurisdictional/venue provision of the FOIA should be interpreted any differently from the general venue statutes mentioned above." Arevalo timely appealed.

## Analysis

■ The INS maintains that 5 U.S.C. § 552(a)(4)(B) should not be interpreted differently from the federal venue statutes and that the FOIA should not be interpreted to give aliens greater access to the courts than that granted by the general venue statutes. We conclude that the express language of the FOIA, as well as the legislative history of the subsequently adopted Privacy Act, 5 U.S.C. § 552a, compel a contrary resolution.

The INS argues to this court, as it apparently did to the district court, that the language of section 552(a)(4)(B) can best be understood by reference to the federal venue provisions, 28 U.S.C. §§ 1391 and 1402(a). Section 1391 is the general venue statute and section 1402(a) applies specifically to Federal Tort Claims Act cases. Federal courts have interpreted those statutes to deny venue to aliens, holding that for purposes of venue, aliens are not residents of *any* district despite where they might live. *See e.g., Galveston H. & S.A.R. Co. v. Gonzales*, 151 U.S. 496, 14 S.Ct. 401, 38 L.Ed. 248 (1894); *Williams v. United States*.

We reject the INS's invitation to read these venue statutes *in pari materia* with the jurisdictional grant language of the FOIA. Section 552(a)(4)(B) provides:

> On complaint, the district court of the United States in the district in which the complainant resides or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has *jurisdiction* to enjoin the agency from withholding agency records and to order the production of any agen-

cy records improperly withheld from the complainant (emphasis added).

Courts, including this court, have recognized the jurisdictional thrust of this provision. *See Weber v. Coney,* 642 F.2d 91 (5th Cir.1981); *Schmidt v. United States,* 3 Cl.Ct. 190 (1983); *Murphy v. Tennessee Valley Authority,* 559 F.Supp. 58 (D.D.C. 1983), *questioned on other grounds* in *Jones v. NRC,* 654 F.Supp. 130 (D.D.C. 1987). *But cf. Akutowicz v. United States,* 859 F.2d 1122 (2d Cir.1988) (construing an analogous provision under the Privacy Act).

We conclude that the express language of the statute mandates a holding that the district court for the district in which an alien resides, *i.e.,* lives, or has his principal place of business, has the requisite jurisdiction to entertain an FOIA complaint. This conclusion is buttressed, if not informed, by the legislative history of the subsequently enacted Privacy Act which demonstrates the breadth of the government's consent to suit under the FOIA. We address this question in response to the INS's reminder to this court that "when the issue also involves waiver of the government's immunity, the conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied" (quoting *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957)).

When Congress adopted the FOIA in 1966 it amended Section 3 of the Administrative Procedure Act which had made records available only to "persons properly and directly concerned" with the information requested. Congress found that this provision had been used as "authority for withholding, rather than disclosing, information." H.R.Rep. No. 1497, 89th Cong., 2d Sess., *reprinted in* 1966 U.S.Code Cong. & Adm.News 2418, 2421. As one court aptly observed, Congress "distinguishes between a 'citizen' and 'any person' when it wishes to do so." *O'Rourke v. United States Dept. of Justice,* 684 F.Supp. 716, 718 (D.D.C.1988). *See Doherty v. United States Dept. of Justice,* 596 F.Supp. 423 (S.D.N.Y.1984). There is nothing in the FOIA to indicate that Congress intended to distinguish between citizens and aliens when it enacted 5 U.S.C. § 552(a)(4)(B) and used the word "person" therein.

In *Stone v. Export–Import Bank of United States,* 552 F.2d 132 (5th Cir.1977), *cert. denied,* 434 U.S. 1012, 98 S.Ct. 726, 54 L.Ed.2d 756 (1978), we answered the question whether "person" under the FOIA was to be restricted to American citizens, holding that there was nothing in the statutory definition of "person" which would "limit its plain terms to American individuals." *Id.* at 136 (emphasis omitted). In reaching that conclusion we referred not only to the express language of the FOIA but were instructed by the language used by the Congress in the subsequently enacted Privacy Act. *Id.* at 136–37.

We hold that an FOIA complaint properly may be filed in the district court of the district in which the records are maintained, in the court for the District of Columbia, or in the district in which the complainant, be he or she a citizen or alien, in fact resides.

■ On the record before us we cannot determine Arevalo's residence on January 12, 1988 when he filed the subject complaint. If he was then residing in Temple, Texas, as alleged in his complaint, then the district court for the Western District of Texas had the requisite jurisdiction to resolve the FOIA demand. It would necessarily follow, in that instance, that the court has jurisdiction to consider the request for attorney's fees and costs. On the other hand, if Arevalo was not then residing within the Western District of Texas then the court lacked jurisdiction. Arevalo bears the burden of demonstrating the necessary jurisdictional facts. *Lowe v. Ingalls Shipbuilding,* 723 F.2d 1173, 1177 (5th Cir. 1984); *see also* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction,* § 3522 at 61–65 (1984).

VACATED and REMANDED for further proceedings consistent herewith.